UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-01322-SPG-MAR | Date | May 12, 2023 |
| Title | Oxnard Manor v. Hallmark Ins. Co. et al | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF NO. 18)

### Ruling

Before the Court is Plaintiff's motion for leave to file a first amended complaint. (ECF No. 18). Defendants filed a response indicating non-opposition, and Plaintiff filed a Reply. (ECF Nos. 28, 29). The Court has read and considered the matters raised with respect to the motion and concluded that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Having considered Plaintiff's submission, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion.

### Background

Plaintiff filed the initial complaint in this action on January 30, 2023, in Los Angeles County Superior Court. (ECF No. 1-1). Defendant filed an Answer on February 21, 2023. (ECF No. 1-2). Defendant then removed the action to this Court on February 22, 2023. (ECF No. 1). On March 15, 2023, Plaintiff filed a Motion to Strike Affirmative Defenses in Defendant's Answer. (ECF No. 9). Defendant opposed, and Plaintiff filed a reply. (ECF Nos. 16, 17). On April 5, 2023, while the Motion to Strike was still pending, Plaintiff filed the instant Motion for Leave to File Amended Complaint. (ECF No. 18). The Court ordered the parties to confer on the interplay between the two motions, given the lack of sufficient meet and confer efforts on the face of Plaintiff's Motion. (ECF No. 22). The parties did so, but were unable to reach an agreement that would alleviate the need for both motions to be heard. (ECF No. 23). Based on Plaintiff's representation that the Motion to Strike remained relevant and did not need to be modified, the Court continued the hearing on Plaintiff's Motion to Strike until May 31, 2023. (ECF No. 24).

Plaintiff also provided the Court with a withdrawal of his prior declaration in support of the Motion for Leave to Amend, as well as a new declaration and a revised proposed First

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-01322-SPG-MAR | Date | May 12, 2023 |
| Title | Oxnard Manor v. Hallmark Ins. Co. et al | | |

Amended Complaint. (ECF Nos. 25–27). Defendant then filed a response to the Motion for Leave to Amend, agreeing not to oppose it given the modifications made by Plaintiff to the proposed First Amended Complaint. (ECF No. 28). Defendant also asked the Court to issue an Order to Show Cause why Rule 11 Sanctions should not be issued against Plaintiff based on knowing misrepresentations made to the Court in the Motion for Leave to Amend and accompanying declaration. (*Id.*). Plaintiff filed a Reply in support of the Motion for Leave, addressing the non-opposition and Defendant's Rule 11 arguments. (ECF No. 29)

## Discussion

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, the Ninth Circuit has mandated that the rule be applied with "extreme liberality." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991). The Ninth Circuit considers five factors to determine whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) the futility of amendment, and (5) whether the plaintiff has previously amended his or her complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). "Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal citation omitted). Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). In deciding a motion to amend the pleadings, "all inferences" should be drawn "in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Here, Plaintiff moves to file a first amended complaint to add factual allegations regarding an additional policy issued by Defendant for coverage between June 1, 2017, and June 1, 2018. *See* (ECF No. 26). Defendant does not oppose amendment. (ECF No. 28). The Court agrees that leave to amend is proper here. First, there is no evidence of prejudice to Defendants. This case is in its early stages and fact discovery does not close until October 4, 2023. (ECF No. 15). Second, there is no evidence of bad faith; Plaintiff corrected errors in his initial Motion for Leave to Amend, such that he asserts it now more accurately reflects when he learned of the basis for amendment. (ECF No. 29). Third, there is no evidence of undue delay because Plaintiff moved for leave to amend within the deadline for amendment, albeit barely. (ECF No. 15). Fourth, Plaintiff has not previously amended his complaint, which weighs in favor of granting leave to amend. Finally, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997) (internal quotations omitted). Here, there is nothing to suggest that amendment of Plaintiff's complaint would be futile. Accordingly, the balance of factors supports granting Plaintiff leave

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-01322-SPG-MAR | Date | May 12, 2023 |
|---|---|---|---|
| Title | Oxnard Manor v. Hallmark Ins. Co. et al | | |

to amend under Rule 15(a)(2).

**Conclusion**

    For the reasons set forth above, the Court GRANTS Plaintiff's unopposed motion for leave to file a first amended complaint. Plaintiff shall file his amended complaint, as corrected and lodged with the Court on April 18, 2023, within five (5) days of the issuance of this order. The Court declines to issue Defendant's requested Order to Show Cause regarding Rule 11 sanctions at this time.

    IT IS SO ORDERED.

                                                                                                                                                               :_____

Initials of Preparer   pg