# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OXNARD MANOR LP dba OXNARD MANOR HEALTH CENTER, a California Limited Partnership,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HALLMARK SPECIALTY INSURANCE COMPANY, an Oklahoma Corporation, and DOES 1-100,<br><br>　　　　　　　　Defendants. | Case No. 2:23-cv-01322-SPG-MAR<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**<br>**[ECF NO. 9]** |

　　　　Before the Court is Oxnard Manor LP dba Oxnard Manor Health Center's ("Plaintiff") Motion to Strike Hallmark Specialty Insurance Company's ("Defendant") affirmative defenses. (ECF No. 9 ("Mot.")). Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds the matter suitable for resolution without oral argument and GRANTS the Motion in Part. Fed. R. Civ. P. 78(b); Central District of California Local Rule 7-15.

## I.  BACKGROUND

On January 30, 2023, Plaintiff filed a complaint against Defendant, asserting claims for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Unfair Business Practices, and Unjust Enrichment. (ECF No. 1-1 ("Compl.")). On February 21, 2023, Defendant filed an Answer to Plaintiff's Complaint. (ECF No. 1-2 ("Answer")). Defendant's Answer contains both a general denial of each of Plaintiff's claims and 38 affirmative defenses. (*Id.*). On February 22, 2023, Defendant removed the action to this Court. (ECF No. 1). On March 15, 2023, Plaintiff filed the instant Motion to Strike, arguing that 24 of Defendant's 38 total affirmative defenses are improper.[1] (ECF No. 9 ("Mot.")). Defendant filed an Opposition to the Motion on March 29, 2023. (ECF No. 16 ("Opp.")). Plaintiff filed a reply on April 5, 2023. (ECF No. 17 ("Reply")).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1525, 1527 (9th Cir. 1993)). "Before a motion to strike is granted the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim

---

[1] Plaintiff also asks that the Court grant a motion for a more definite statement in the alternative to granting the motion to strike. However, "[w]hile a motion to strike may be made with reference to any pleading, a motion for a more definite statement may not." *Gallagher v. England*, No. CIVR 050750AWI SMS, 2005 WL 3299509 (E.D. Cal. Dec. 5, 2005). Indeed, Federal Rule 12(e) only allows a party to move for a more definite statement "of a pleading to which a responsive pleading is allowed." Fed. R. Civ. P. 12(e). Under both the Federal Rules and Local Rules, Answers are not generally followed with a reply or other responsive pleading. *See* Fed. R. Civ. P. 7(a)(7) (indicating a reply to an answer is allowed only "if the court orders one"). Therefore, the Court DENIES Plaintiff's alternative motion for a more definite statement.

or defense succeed." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005). "The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters which the Court may take judicial notice." *Herd v. City of San Bernardino*, 311 F. Supp. 3d 1157, 1162 (C.D. Cal. 2018) (citing *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995)); *see also Kourtis v. Cameron*, 358 Fed. App'x 863, 867 (9th Cir. 2009). However, "[m]otions to strike are generally disfavored by courts." *Bogazici Hava Tasimaciligi A.S. v. McDonnell Douglas Corp.*, No. 90-55868, 1991 U.S. App. LEXIS 10273, at *6 (9th Cir. May 9, 1991) (citation omitted).

### III. DISCUSSION

The decision to grant or deny a motion to strike rests within the sound discretion of district courts. *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). When exercising this discretion, courts "view[] the pleadings in the light most favorable to the non-moving party, and resolve[] any doubt as to the relevance of the challenged allegations or sufficiency of a defense in defendant's favor." *Id.* Moreover, "even when the defense presents a purely legal question," courts are generally reluctant to weigh in on "disputed or substantial issues of law on a motion to strike." *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1381 (3rd ed.) at 800–01; *see also Sands*, 902 F. Supp. at 1166.

However, this reluctance does not mean that motions to strike affirmative defenses should never be granted. Instead, a motion to strike portions of an answer is appropriate when an affirmative defense is (1) insufficient as a matter of law or (2) insufficiently pled. *Bureau of Consumer Fin. Prot. v. Performance SLC*, Case No. SA CV 20-02132-DOC-DFM, 2021 WL 2982275, at *2 (C.D. Cal. Apr. 2, 2021) (internal citations omitted); *see also Cota v. Aveda Corp.*, No. 3:20-cv-01137-BEN-BGS, 2020 WL 6083423, at *2 (S.D. Cal. Oct. 14, 2020) (internal citations omitted). An affirmative defense is legally insufficient only if it clearly lacks merit "under any set of facts the defendant might allege." *McArdle v. AT&T Mobility LLC*, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009), *rev'd on other grounds*, 474 F. App'x 515 (9th Cir. 2012); *see also Eurow & O'Reilly Corp. v.*

*Superior Mfg. Grp., Inc.*, CV 14-6595-RSWL (VBKx), 2015 WL 1020116, at *2 (C.D. Cal. Mar. 6, 2015). Likewise, an affirmative defense may be stricken where it is legally sound, but fails to include sufficient factual allegations. *Cota*, 2020 WL 6083423, at *2 (citations omitted). However, to determine the sufficiency of each challenged affirmative defense, the Court must first determine what pleading standard applies to affirmative defenses.

### A.   Pleading Standard for Affirmative Defenses

District Courts within the Ninth Circuit are divided about what pleading standard applies to affirmative defenses. *Exp. Dev. Canada v. ESE Elecs. Inc.*, No. CV 16–02967–BRO (RAOx), 2017 WL 1838581, at *3 (C.D. Cal. May 4, 2017) ("Neither the United States Supreme Court nor the Ninth Circuit has determined what standard should be used to determine the sufficiency of a defendant's affirmative defenses, and accordingly, there has been significant disagreement amongst federal district courts within this Circuit."). Some courts apply a fair notice pleading standard under Federal Rule 8, while others apply the heightened pleadings standard set forth in *Twombly* and *Iqbal*. *See Vogel v. Linden Optometry APC*, No. CV 13–00295 GAF (SHx), 2013 WL 1831686, at *2 (C.D. Cal. Apr. 30, 2013) (collecting cases). The Ninth Circuit has not directly addressed the issue, although it has recently applied the fair notice standard. *See Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015).

Here, Plaintiff argues that the Court should apply *Twombly's* heightened pleading standard when analyzing affirmative defenses.[2] (ECF No. 9 at 10–12). The Court declines to do so. As several courts have observed, "[t]he Ninth Circuit has not adopted the *Twombly/Iqbal* standard for affirmative defenses and has instead continued to use the 'fair

---

[2] While this Court has previously applied the fair notice standard to affirmative defenses, *see GS Holistic, LLC v. Feelin Right Smoke Shop*, LLC, No. 2:22-CV-04807-SPG-AGR, 2023 WL 3564763, at *1 (C.D. Cal. Jan. 19, 2023) (parties agreeing to apply fair notice), the issue of whether the heightened pleading standard set forth in *Twombly* and *Iqbal* should be applied to an affirmative defense has not previously been presented by a party for decision by this Court.

notice' standard even after *Twombly* and *Iqbal* were decided." *Davis v. Hollywood & Ivar, LLC*, No. 2:21-cv-01235-VAP-JPRx, 2021 WL 4816823, at *2 (C.D. Cal. Aug. 30, 2021); *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 566 (S.D. Cal. Feb. 16, 2012); *see also Schutte & Koerting, Inc. v. Swett & Crawford*, 298 F. App'x 613, 615 (9th Cir. 2008) (Fed.R.Civ.P. 8(c) does require that the pleading give plaintiff "fair notice of the defense."); *Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.") (internal citation omitted), overruled on other grounds by *Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). Further, "*Twombly* and *Iqbal* specifically focused on Rule 8(a); the Court never suggested that this standard should also govern affirmative defenses." *Slocum v. JPMorgan Chase Bank*, No. SACV 19-620 JVS (KESx), 2019 WL 6873653, at *2 (C.D. Cal. July 8, 2019); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Moreover, the distinction between Rule 8(a)(2), requiring a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief, as compared to Rule 8(c), requiring a defendant pleading an affirmative defense to only "affirmatively state" the defendant's affirmative defenses, suggests a less strict pleading requirement for Rule 8(c). *See Kohler*, 280 F.R.D. at 566; *but see Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1172 (N.D. Cal. June 22, 2010) (colleting cases applying heightened pleading standard to affirmative defenses). Additionally, policy reasons exist for a more relaxed standard for affirmative defenses, given that a plaintiff has unlimited time to compose a complaint, but a defendant only has 21 days to respond and assert affirmative defenses. *Slocum*, 2019 WL 6873653 at *2 (citing *Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09-cv-02870-LTB-BNB, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010)). Thus, absent further guidance from either the Supreme Court or Ninth Circuit, this Court will apply the fair notice standard when examining the sufficiency of affirmative defenses.

Under this fair notice standard, an affirmative defense is sufficiently pled when "it gives plaintiff fair notice of the defense." *Cota*, 2020 WL 6083423, at *2 (quoting *Harris v. Chipotle Mexican Grill*, 303 F.R.D. 625, 627 (E.D. Cal. 2014)). This does not require affirmative defenses to "include facts sufficient to demonstrate plausible entitlement to relief." *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016). However, it does require a defendant to plead "enough factual content to identify the factual grounds on which an affirmative defense rests . . . in order to provide fair notice to plaintiff and assist the Court in limiting discovery." *Id.*

Further, to qualify as an affirmative defense, a defendant's assertion should raise new facts or arguments that, if found to be credible, will ultimately negate liability, even if it is proven that the defendant committed the alleged acts that are the subject of the plaintiff's claim. *Addison v. City of Baker City*, 258 F. Supp. 3d 1207, 1239 (D. Or. June 29, 2017); *see also Gibson Brands Inc. v. Viacom Int'l*, Case No. CV 12-10870 DDP (AJWx), No. CV 12-10870 DDP (AJWx), 2016 WL 8931305, at *3 (C.D. Cal. Sept. 29, 2016) ("Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true") (internal citation omitted); *see also Mathew Enter., Inc. v. Chrysler Grp. LLC*, 250 F. Supp. 3d 409, 416 (N.D. Cal. Apr. 20, 2017); *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005). The defendant bears the burden of proving an affirmative defense. *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010).

### B. Defendant's Challenged Affirmative Defenses

Here, Plaintiff argues that twenty-four of Defendant's affirmative defenses are insufficient, fourteen because they lack an adequate factual basis and ten because they lack an adequate legal basis. Defendant counters that it has adequately pled each of its asserted affirmative defenses. The Court agrees with each party in part. The Court also exercises its discretion to strike several of Defendant's affirmative defenses *sua sponte*.

          **1.    Defendant's First, Twenty-Sixth, Thirty-Seventh, and Thirty-Eighth Defenses are Not Affirmative Defenses**

Several of the defenses brought by Defendant in its answer are negative, rather than affirmative defenses. For instance, Defendant's first affirmative defense asserts that "[t]he complaint fails to allege facts sufficient to constitute a cause of action. . ." (Answer at 3). However, this is not an affirmative defense. *See, e.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense"); *Dealertrack, Inc. v. Huber*, 460 F. Supp. 2d 1177, 1184 (C.D. Cal. 2006) (stating answers often include failure to state a claim "as an affirmative defense, usually as the first affirmative defense, but it actually is merely an unnecessary description of the grounds for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)"); *Vogel*, 2014 WL 340662, at *2 ("Defendant TSL's first affirmative defense, failure to state a claim, fails as a matter of law because it is not an affirmative defense, but rather a failure of Plaintiff's prima facie case") (citation omitted). For this reason, the Court strikes this so-called affirmative defense as legally insufficient.

Similarly, Defendant's twenty-sixth affirmative defense simply challenges Plaintiff's ability to prove an element of its case, and is therefore not an affirmative defense. Defendant's twenty-sixth affirmative defense asserts that Plaintiff's claims are barred on the ground that Plaintiff "has suffered no damages or economic detriment as a result of any act or omission of Hallmark." (Answer at 7). "Merely point[ing] to a defect" in Plaintiff's case is not an affirmative defense. *Vogel*, 291 F.R.D. at 442 (finding that an affirmative defense alleging "no damage or injury" is not an affirmative defense). For this reason, the Court strikes, this so-called affirmative defense as legally insufficient.

Likewise, the thirty-seventh and thirty-eighth affirmative defenses reserving Defendant's rights to amend its pleadings are not affirmative defenses. *See DeSalvo v. Islands Restaurants, L.P.*, No. 2:20-CV-2620-VAP-Ex, 2020 WL 4035071, at *7 (C.D. Cal. July 16, 2020) ("[r]eservation of rights is not a cognizable affirmative defense"); *see also Garcia v. Mickey Fine Enterprises, Inc.*, No. EDCV 21–1056 JGB (SHKx), 2022 WL

2168886, at *7 (C.D. Cal. Jan. 7, 2022) (striking reservation of rights affirmative defense because it "appears to duplicate rights preserved by the Federal Rules"). Amendments to pleadings are governed by Federal Rule of Civil Procedure 15, not through the affirmative defense process. *See MIC Prop. And Cas. Corp. v. Kennolyn Camps, Inc.*, No. 5:15-cv-00589-EJD, 2015 WL 4624119, at *4 (N.D. Cal. Aug. 3, 2015). Therefore, the Court likewise strikes these reservation of rights "affirmative" defenses as legally insufficient.

2. <u>Defendant's Second, Fourth, Fifth, Sixth, Ninth, Tenth, Eleventh, and Fourteenth Affirmative Defenses Fail to Provide Fair Notice</u>

Plaintiff challenges Defendant's second, fourth, fifth, sixth, ninth, tenth, eleventh, and fourteenth affirmative defenses for failure to allege sufficient facts. Defendant argues that the general pleading, combined with correspondence separately provided to counsel for Plaintiff put Plaintiff on fair notice. The Court disagrees with Defendant as to these affirmative defenses, and finds that they were pled with too much generality to provide even fair notice under Rule 8.

For instance, Defendant's second affirmative defense alleges that Plaintiff failed to join "all necessary and proper parties." (Answer at 3). Plaintiff argues that Defendant failed to sufficiently plead any facts regarding the alleged required parties, including their identities. (Mot. at 7). Defendant responds by claiming that the affirmative defense is sufficiently pleaded in general terms and that Defendant provided fair notice to Plaintiff based on correspondence, not included in the Answer, but separately sent to Plaintiff and Plaintiff's counsel. (Opp. at 10–11). Defendant also attempts to bolster the affirmative defense in its opposition by identifying the "necessary parties." (*Id.* at 11). However, supplementing the information in opposition to the Motion does not cure the deficiencies otherwise present in an affirmative defense.[3] *see Shellabarger v. Dicharry*, No. 2:13-CV-

---

[3] Defendant also appears to request in its counsel's declaration that the Court take judicial notice of two documents: (1) a copy of a "Notice of Denial of Application" correspondence from the California Department of Public Health; and (2) a motion filing from the United States Bankruptcy Court for the Central District of California. (ECF No. 16-1 ("Morrison Decl.") ¶¶ 5–6). A court may take judicial notice of facts not subject to reasonable dispute

00188-TLN, 2014 WL 5797194, at *3 (E.D. Cal. Nov. 6, 2014) ("Defendant's allegations in his Opposition do not serve to cure the deficiency in his Answer. Defendant must give Plaintiffs fair notice of his affirmative defenses in his Answer-not in an Opposition to Plaintiffs' Motion filed at some later date."); *see also* Fed. R. Civ. Pro. 7(a) (a "pleading" is a complaint, answer to a complaint, answer to a counterclaim designated as a counterclaim, answer to a crossclaim, third–party complaint, answer to a third–party complaint, and if ordered by the court, a reply to an answer); *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) (explaining that anything not listed as a pleading under Rule 7(a) of the Federal Rules of Civil Procedure is a "motion or paper").

The Court therefore agrees with Plaintiff that Defendant's failure to identify the necessary parties in the Answer left Plaintiff without fair notice as to the factual nature of the affirmative defense. *See Chowning v. Kohl's Dep't Stores, Inc.,* No. CV 15–08673 RGK (SPx), 2016 WL 7655753, at *3 (C.D. Cal. Apr. 1, 2016) (striking a one-sentence affirmative defense for failure to join indispensable parties for failing to provide Plaintiff with fair notice and finding that factual allegations in the opposition did not cure insufficiently pleaded affirmative defense); *see also MIC Prop. & Cas. Corp. v. Kennolyn Camps, Inc.*, No. 5:15-CV-00589-EJD, 2015 WL 4624119, at *5 (N.D. Cal. Aug. 3, 2015) (striking affirmative defense of failure to include necessary parties for not identifying the

---

in that they are generally known within the territorial jurisdiction of the court, or they are capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). For instance, a court may take judicial notice of court filings and other matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)). A court may also judicially notice information and documents that are "made publicly available by government entities [ ], and neither party disputes the authenticity of the websites or the accuracy of the information displayed therein." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010). Therefore, the Court takes judicial notice of the existence of these two documents. However, because Plaintiff disputes the relevance and contents of the motion filed before the United States Bankruptcy Court, the Court does not take judicial notice of the truth of the contents of that document.

necessary parties).  For this reason, this Court strikes the Second Affirmative Defense with leave to amend.

Similarly, Plaintiff challenges Defendant's fourth, fifth, sixth, ninth, tenth, eleventh, and fourteenth affirmative defenses, arguing that each is insufficiently pled and lacks any factual allegations to put Plaintiff on notice.[4]  Defendant again relies on correspondence with Plaintiff and Plaintiff's counsel to argue adequate notice was provided, despite the generality of the affirmative defenses as stated in the Answer. (Opp. at 12–15).  However, mere "conclusory statements asserting the affirmative defense's existence without stating why that affirmative defense might exist," fail to put a plaintiff on fair notice. *BLK. Brands LLC v. Five Tran Inv. Grp., LLC*, No. SACV 20–01932–CJC (JDEx), 2021 WL 3077949, at *4 (C.D. Cal. Apr. 7, 2021).  Also, as outlined above, factual allegations made in opposition to a pleading do not cure deficiencies in the pleading itself.  *See Shellabarger*, 2014 WL 5797194, at *3 ("Defendant's allegations in his Opposition do not serve to cure the deficiency in his Answer. Defendant must give Plaintiffs fair notice of his affirmative defenses in his Answer-not in an Opposition to Plaintiffs' Motion filed at some later date.").  The Court agrees with Plaintiff that Defendant's defenses, as pled, are insufficient.  However, Defendant's opposition demonstrates that the deficiencies may be cured.  The Court therefore strikes the Fourth, Fifth, Sixth, Ninth, Tenth, Eleventh, Twelfth, and Fourteenth Affirmative Defenses with leave to amend.

---

[4] Defendant's fourth affirmative defense asserts that Plaintiff's claims are barred because Defendant "has no obligation under the Policies to pay…in relation to the Underlying Action." (Answer at 4).  Defendant's fifth affirmative defense asserts that the Complaint, and each cause of action, is barred by the Policies. (*Id.*).  Defendant's sixth affirmative Defense asserts that Plaintiff's Claims are barred because they are outside the Policies' scope of coverage. (*Id.*).  Defendant's ninth affirmative defense asserts that Plaintiff's claims are barred because they relate to a claim predating the inception date of the Policies. (*Id.*).  Defendant's tenth, eleventh, and fourteenth affirmative defenses all assert that Plaintiff's claims are barred by provisions contained within the Policies. (*Id.* at 4–6).

3. <u>Defendant's Third, Twelfth, Seventeenth, Twentieth, Twenty-Fourth, Twenty-Fifth, Twenty-Seventh, Thirty-First, Thirty-Second, Thirty-Third, Thirty-Fifth, and Thirty-Sixth Affirmative Defenses Provide Sufficient Fair Notice</u>

Plaintiff challenges Defendant's third, twentieth, twenty-fourth, twenty-fifth, twenty-seventh, thirty-first, thirty-second, thirty-third, thirty-fifth, and thirty-sixth affirmative defenses for failure to allege sufficient facts. However, the Court finds that each of them, while alleged in general terms, provide sufficient notice to Plaintiff at this stage of the proceeding. For clarity, the Court briefly examines each of these challenged defenses in turn.

*i. Defendant's Third Affirmative Defense*

First, Defendant's third affirmative defense asserts that "plaintiff or anyone on plaintiff's behalf failed to disclose, concealed, or misrepresented known facts which were material to the risks allegedly underwritten by Hallmark." (Answer at 3). Accordingly, Defendant argues the "Complaint, and each cause of action therein, is barred…" (*Id.*). Plaintiff argues this affirmative defense is insufficiently pleaded as it "fails to identify what was concealed and when." (Mot. at 13). However, the Court finds that this asks too much at this early stage of the litigation. The defense as pleaded provides Plaintiff with fair notice, and will either be substantiated or unsubstantiated as discovery proceeds. Thus, the Court denies Plaintiff's Motion to Strike as to the third affirmative defense.

*ii. Defendant's Twelfth and Seventeenth Affirmative Defenses*

Plaintiff also challenges Defendant's twelfth and seventeenth affirmative defenses, both of which deal with claimed exclusions or bars to coverage sought by Plaintiff.[5] These

---

[5] Defendant's twelfth affirmative defense asserts that the primary policy at issue contains various exclusions that bar or limit coverage and therefore will bar recovery. (Answer at 5). It goes on to provide examples. (*Id.*). Likewise, Defendant's seventeenth affirmative defense states that "[p]laintiff's claims regarding the Excess Policy are barred on the

defenses, which claim that any recovery that might otherwise be obtained by Plaintiff should be barred due to exclusions in the policies at issue, put Plaintiff on fair notice as pled. Therefore, the Court denies Plaintiff's Motion to Strike as to the twelfth and seventeenth affirmative defenses.

### iii. Defendant's Twentieth Affirmative Defense

Similarly, Defendant's twentieth affirmative defense asserts that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is "barred on the ground that Hallmark acted reasonably at all times." (Answer at 7). Plaintiff argues this affirmative defense is insufficiently pled because Defendant "does not describe the conduct purportedly satisfying this standard." (Mot. at 10). Defendant responds by claiming that this affirmative defense is sufficiently pled in general terms and that Defendant provided fair notice to Plaintiff based on correspondences sent to Plaintiff and Plaintiff's counsel. (Opp. at 15–16). The Court agrees with Defendant that this Affirmative Defense is sufficiently pled to provide Plaintiff with fair notice. The Court does not agree with Plaintiff's position that Defendant must plead the specific conduct to show satisfaction of the implied covenant of good faith and fair dealing standard. *See Banga v. Ameriprise Auto Home Ins. Agency,* No. 2:18-CV-01072 MCE AC, 2021 WL 1164554, at *3–4 (E.D. Cal. Mar. 26, 2021) (denying motion to strike affirmative defense asserting the defendant acted reasonably thus barring plaintiff's claim for breach of implied covenant of good faith and fair dealing.). Thus, the Court denies the Motion to Strike as to the twentieth affirmative defense.

### iv. Defendant's Twenty-Fourth Affirmative Defense

Defendant twenty-fourth affirmative defense asserts that Plaintiff's claims are barred to the extent that Defendant's obligation has been satisfied and discharged by a

---

ground that the Underlying Action fell within exclusions to coverage in the Excess Policy." (*Id.* at 6).

third-party. (Answer at 7). Plaintiff argues that Defendant has not sufficiently pled this Affirmative Defense because it does not identify the third-party or explain how it absolves Defendant from its obligation. (Mot. at 13). The Court disagrees. Where, as here, the obligation may have been fulfilled by other insurance, Plaintiff "is not left 'to guess' as to this defense; if it has other insurance that would cover the underlying action, Plaintiff knows that Defendant will raise the Other Insurance provision as a defense to coverage." *Pac. Dental Servs., LLC v. Homeland Ins. Co. of New York*, No. SACV 13-749-JST JPRX, 2013 WL 3776337, at *7 (C.D. Cal. July 17, 2013). Therefore, the affirmative defense, while broad, provided Plaintiff with sufficient fair notice of the defense Defendant intends to raise. For this reason, this Court denies Plaintiff's Motion to Strike as to Defendant's twenty-fourth affirmative defense.

> v. *Defendant's Twenty-Fifth Affirmative Defense*

Defendant's twenty-fifth affirmative defense asserts that Plaintiff's claims are barred to the extent that Plaintiff's alleged harm and damages were caused and contributed to by third parties. (Answer at 7). Plaintiff argues that Defendant has not sufficiently pled this affirmative defense because it fails to identify the third-parties or explain how they absolve Defendant from their obligation. (Mot. at 13). Defendant responds by claiming that the affirmative defense is sufficiently pled in general terms.[6] (Opp. at 17). The Court agrees with Defendant. While this affirmative defense is pled generally, it provides sufficient fair notice to Defendant at this stage of the litigation. *See Pac. Dental Servs., LLC v. Homeland Ins. Co. of New York*, 2013 WL 3776337, at *7 (C.D. Cal. July 17, 2013) (finding similar affirmative defense provided fair notice even where it was stated in general terms). Therefore, the Court denies Plaintiff's Motion to Strike as to Defendant's twenty-fifth affirmative defense.

---

[6] Defendant also identifies non-insured parties, "such as Rechnitz and Boardwalk," in its Opposition to the instant Motion. (Opp. at 17). However, the Court does not consider these additional details raised for the first time in the briefing.

                vi. *Defendant's Twenty-Seventh and Thirty-First Affirmative Defenses*

Plaintiff argues Defendant's twenty-seventh and thirty-first affirmative defenses are insufficiently pled. (Mot. at 15). The two defenses assert that any recovery should be offset or allocated based on any other recovery the plaintiff may have received.[7] The Court disagrees with Plaintiff, and finds that Defendant has sufficiently pleaded these affirmative defenses in general terms that provide Plaintiff with fair notice. *See Fraley v. Travelers Prop. Cas. Co. of Am.*, No. CV 18-00722-AB (JPRx), 2019 WL 2949026, at *3 (C.D. Cal. Mar. 29, 2019) (denying motion to strike offset affirmative defense because the generally pleaded affirmative defense "provides Plaintiff fair notice of the grounds for the defense, which is sufficient to allow plaintiff to investigate the basis for these various defenses to the extent that discovery is required."). Thus, the Court denies Plaintiff's Motion to Strike Affirmative Defenses Twenty-Seven and Thirty-One.

                vii. *Defendant's Thirty-Second, Thirty-Third, and Thirty-Fourth Affirmative Defenses*

Defendant asserts as its thirty-second affirmative defense that Plaintiff's complaint and each cause of action is barred by equitable doctrines of "unclean hands, waiver, laches, and equitable estoppel." (Answer at 8). Defendant's thirty-third and thirty-fourth affirmative defenses assert that Plaintiff's complaint is barred to the extent Plaintiff's actions or omissions "released" or "waived its right to recover for its claims." (*Id.*).

---

[7] Defendant's twenty-seventh affirmative defenses states: "The complaint, and each cause of action therein, is barred to the extent that plaintiff's recovery is subject to reduction or offset by recoveries that plaintiff has already obtained, or in the future may obtain, from other sources including, but not limited to, settlements with other defendants, third-party defendants, insurers, brokers or parties." (Answer at 7–8). Defendant's thirty-first affirmative defense states: "To the extent Hallmark is found to have any obligation to plaintiff, which Hallmark denies, the complaint, and each cause of action therein, is barred to the extent that a proper allocation of the loss is required. Such allocation may result in no sum being allocated to Hallmark." (*Id.* at 8).

Plaintiff argues Defendant asserted these affirmative defenses without alleging any supporting facts, failing to provide Plaintiff with fair notice. (Mot. at 13–14). Defendant responds by claiming that the Affirmative Defenses are sufficiently pled in general terms and that Defendant provided fair notice to Plaintiff based on correspondence sent to Plaintiff and Plaintiff's counsel. (Opp. at 19–20). The Court agrees that Defendant's assertion of these defenses was conclusory. However, because they are "potentially viable affirmative defenses" and because the "nature of the defenses is well known," thereby allowing Plaintiff to seek discovery, the Court denies the motion as to these three defenses. *See, e.g., Vogel*, 2013 WL 1831686, at *5.

####### viii.    *Defendant's Thirty-Fifth Affirmative Defense*

Defendant's thirty-fifth affirmative defense alleges it has "no duty to indemnify any settlement or other alleged imposition" that is premised on "collusion, fraud, or artifice." (Answer at 8–9). Plaintiff challenges this affirmative defense as failing to allege sufficient facts. (Mot. at 13). However, the Court disagrees. Defendant's affirmative defense goes on to state that "Hallmark has no obligation to pay on behalf of a non-insured. Schlomo Rechnitz operates his numerous nursing facilities through a byzantine collection of entities, which may not be a Hallmark insured." (Answer at 8–9). These additional factual allegations provide sufficient fair notice to Plaintiff at this stage of the litigation. Therefore the Court denies the Motion as to this affirmative defense.

####### ix.    *Defendant's Thirty-Sixth Affirmative Defense*

Defendant's thirty-sixth affirmative defense asserts that Plaintiff's Complaint is barred by the applicable statute of limitations. (Answer at 9). Defendant cites California Code of Civil Procedure Sections 337, 338, and 339. (*Id.*). Plaintiff argues this Affirmative Defense is insufficiently pled without any factual allegations. (Mot. at 13). Defendant responds by claiming that this Affirmative Defense is sufficiently pled in general terms and provides Plaintiff with fair notice. (Opp. at 20). The Court disagrees with Plaintiff and

finds that Defendant has sufficiently pled this Affirmative Defense. An affirmative defense based on the applicable statute of limitations is sufficiently pled when the defendant cites the relevant statute of limitations. *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("While the amended answer simply alleged that "plaintiff's claims are barred by the applicable statute of limitations," the attached memorandum made specific mention of Cal.Code Civ.Proc. s 338.1 as the statute of limitations upon which CNB relied. We find that under these circumstances the statute of limitations was adequately pleaded."). Defendant has done so here. Therefore, the Court denies the Motion to Strike Affirmative Defense Thirty-Six.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike is GRANTED in part and DENIED in part. The Court GRANTS Plaintiff's Motion in Part and strikes the First, Twenty-Sixth, Thirty-Seventh, and Thirty-Eighth Affirmative Defenses, without leave to amend, and the Second, Fourth, Fifth, Sixth, Ninth, Tenth, Eleventh, and Fourteenth Affirmative Defenses with leave to amend. However, Plaintiff's motion to strike the Third, Twelfth, Seventeenth, Twentieth, Twenty-Fourth, Twenty-Fifth, Twenty-Seventh, Thirty-First, and Thirty-Sixth affirmative defenses

Dated: July 31, 2023

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE