Avi Wagner (No. 226688)
Jennifer N. Hinds (No. 301804)
THE WAGNER FIRM
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email:       avi@thewagnerfirm.com

*Attorneys for Plaintiff Oxnard Manor LP
dba Oxnard Manor Health Center*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oxnard Manor LP dba Oxnard Manor Health Center, a California Limited Partnership,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>Hallmark Specialty Insurance Company, an Oklahoma Corporation, and DOES 1-100,<br><br>　　　　　　Defendant(s). | Case No.: 2:23-cv-01322-SPG-MAR<br>(Removed from Los Angeles County Superior Court, Case No. 23STCV02077)<br><br>Magistrate Margo A. Rocconi<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER WAIVING THE PRE-MOTION TELEPHONIC CONFERENCE REQUIREMENT FOR DISCOVERY MOTIONS, OR, PERMITTING THE CONFERENCE TO OCCUR POST-FILING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

PLAINTIFF'S *EX PARTE* APPLICATION

2:23-cv-01322-SPG-MAR

|   |   |
|---|---|
|   | ) Date: Ex Parte |
|   | ) Time: Ex Parte |
|   | ) Courtroom: 790 (Roybal Building) |
|   | ) |
|   | ) Discovery Cutoff: 10/4/23 |
|   | ) Pre-Trial Conference: 2/7/24 |
|   | ) Trial: 2/27/24 |

TO THE HONORABLE COURT AND ALL PARTIES:

    Plaintiff Oxnard Manor, LP ("Plaintiff" or "Oxnard"), hereby applies *Ex Parte* for an Order Waiving the Pre-Motion Telephonic Conference Requirement for Discovery Motions Pursuant to Magistrate Marconi's Procedures, Section 1.b. (the "Pre-Motion Conference" or "Conference"), or, alternatively, Permitting the Conference to Occur Post-Filing.

    In support of the *Ex Parte* Application, Plaintiff states as follows:

    During telephonic conference on August 21, 2023, Plaintiff and Defendant Hallmark Signature Insurance Company ("Defendant" or "Hallmark") reached an impasse in the meet and confer process on Hallmark's responses to Set Two of Oxnard's Interrogatories and Requests for Production ("Set Two Requests"). Declaration of Avi Wagner ("Wagner Decl."), ¶¶ 13-15.

    Recognizing Magistrate Rocconi's requirement that parties submit a request for a Pre-Motion Conference within 24 hours of such an impasse, Plaintiff's counsel Avi Wagner requested that Defendant's counsel Joanne Wendell provide three times she was available for such a Conference. *Id*. Ms. Wendell did not provide one at that time,

but following two further e-mail requests, she provided her availability on August 22, 2023. *Id*. at ¶¶ 15-18. Oxnard counsel Charissa Morningstar timely submitted the request for a Conference later that day, requesting a conference on August 25 or 28. *Id*. at ¶ 18, Ex. I.

The Court's schedule has not yet permitted scheduling of the Pre-Motion Conference. *Id*. at ¶¶ 19-20. A Joint Statement was submitted to Hallmark on August 30, 2023 and any motion must be filed by September 13, 2023 in order to be heard by the October 4, 2023 discovery cutoff in this action. *Id*. at Exs. K, L. It is unknown whether the Court can hold the Conference in this timeframe, which includes a holiday weekend. Thus, in an abundance of caution, Oxnard requests an Order waiving the Pre-Motion Conference so that it may timely file the Joint Stipulation Regarding Motion to Compel in accordance with the discovery cutoff. In the alternative, it requests that the Court permit the Conference to be conducted following filing of the Joint Stipulation.

The Court should enter an order granting the requested relief because:

- Plaintiff has diligently pursued discovery and timely resolution of discovery disputes without Court intervention;

- Plaintiff complied with Magistrate Rocconi's Procedures to obtain a Pre-Motion Conference;

- It is likely that, absent the waiver, the Conference will not occur sufficiently in advance of the September 13, 2023 filing deadline, as required by the October 4, 2023 discovery cutoff;

- As Oxnard seeks discovery that is discoverable and relevant to its pleaded causes of action, Oxnard would suffer irreparable injury if it were denied the opportunity to obtain this discovery; and

- Hallmark would suffer no prejudice if the Court grants the Application, as it already knows the basis for the Motion, and will have all time allotted under the Local Rules to complete its portion of the Joint Stipulation.

Accordingly, as set forth in more detail herein, there is good cause to grant Plaintiff's request for a waiver of the Pre-Motion Conference.

This *Ex Parte* Application is based on the Memorandum of Points and Authorities, the Declaration of Avi Wagner in Support, the complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing of this motion.

Plaintiff has notified counsel for all parties about this *Ex Parte* Application. Wagner Decl., ¶ 23. Hallmark counsel has stated that it would need to review the application before making a determination on whether it opposes. *Id.* In accordance with Local Rule 7-19, the parties in this action are represented by the following counsel:

3

PLAINTIFF'S *EX PARTE* APPLICATION

WILLIAM C. MORISON (No. 99981)
wcm@morison.law
JOANNE M. WENDELL (No. 191785)
jmw@morison.law
MORISON LAW, LLP
3478 Buskirk Avenue, Suite 342 Walnut Creek, CA 94523
Telephone: (925) 937-9990
Facsimile: (925) 937-3272
Attorneys for Defendant
HALLMARK SPECIALTY INSURANCE COMPANY

Plaintiff has submitted a [Proposed] Order with this *Ex Parte* Application. No previous requests have been made regarding the relief sought in the instant *Ex Parte* Application. *Id*. ¶ 24. The undersigned hereby certifies that this *Ex Parte* Application is made in good faith and for good cause. *Id*. ¶ 25.

Dated: August 31, 2023

          THE WAGNER FIRM

          */s/ Avi Wagner*
          By:  Avi Wagner
          1925 Century Park East
          Suite 2100
          Los Angeles, California 90067
          Telephone: (310) 491-7949
          Facsimile:  (310) 694-3967
          Email: avi@thewagnerfirm.com
          Attorney for Plaintiff Oxnard Manor LP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Oxnard Manor, LP ("Oxnard" or "Plaintiff") has timely pursued discovery in its action against Hallmark Specialty Insurance Company ("Hallmark") and made fulsome attempts to resolve disputes without Court intervention. When the parties could not resolve remaining disputes, Oxnard complied with Magistrate Rocconi's Procedures requiring a pre-motion telephonic conference for discovery motions ("Pre-Motion Conference" or "Conference"). Despite its diligence, Oxnard now faces the likelihood that the Court cannot conduct the Conference before Plaintiff's deadline for filing a Motion to Compel, and so seeks *ex parte* relief from this requirement.

Plaintiff timely served discovery on Hallmark, provided detailed responses to their objections, and conferred on multiple dates to informally resolve as many issues as possible. When it became clear on August 21, 2023 that the parties could resolve no more, on August 22, 2023, Oxnard requested a Pre-Motion Conference. The Court has not yet acted on that request. To ensure that Oxnard can file a motion that complies with the October 4, 2023 discovery cutoff, Oxnard provided its portion of the Joint Stipulation to Hallmark, and any motion must be filed by September 13. As there is no guarantee that the Court will be able to conduct the Conference by then, Oxnard

requests that it waive this requirement, or alternatively, permit the Conference to occur post-filing.

There is good cause for these requests. Strict compliance with the Pre-Motion Conference would likely prevent the Motion from being heard prior to the October 4 discovery cutoff. Because the Motion seeks relevant and discoverable information and documents, Plaintiffs would suffer irreparable injury if the Motion could not be heard. Waiver of the requirement will not prejudice Hallmark, as it already has notice of the basis of the Motion, as well as Oxnard's portion of the Joint Statement, ensuring that it can complete its portion in time for the September 13 deadline.

## II.   STATEMENT OF FACTS

This insurance coverage dispute by insured Oxnard against insurer Hallmark was removed to federal court on February 22, 2023. Docket Entry ("D.E.") 1. Oxnard alleges the following causes of action arising from Hallmark's conduct with respect to a claim tendered under a Hallmark-issued long-term care organization liability policy: (1) Breach of Contract; (2) Breach of Contract; (3) Breach of Implied Covenant of Good Faith and Fair Dealing; (4) Unfair Business Practices; and (5) Unjust Enrichment/Restitution. First Amended Complaint, D.E. 32. Oxnard challenges both Hallmark's handling of an individual claim, as well as its "pattern and practice" of bad faith in claims handling. *Id*. at ¶¶ 68, 72, 92. District Judge Garnett set the pre-trial deadlines on March 24, 2023. Wagner Decl., Ex. K.

### A. Oxnard's Set One Requests

Oxnard served its Interrogatories and Requests for Production, Set One, on Hallmark on May 4, 2023 ("Set One"). Wagner Decl., ¶ 3. Hallmark's initial responses to Set One were received by mail only on June 6, 2023. *Id.*, ¶ 4. On June 26, 2023, Oxnard counsel sent a meet and confer letter which specified Hallmark's deficient response and provided legal authorities requiring Hallmark to supplement said responses and requested a telephonic conference on these issues within 10 days of the date of the letter, pursuant to L.R. 37-1. *Id.* at ¶ 5. Hallmark's counsel failed to comply with this request. As a result, the parties first conferred telephonically on July 11, 2023, and continued conferring the following day. *Id.* at ¶¶ 6-7. Hallmark agreed to supplement certain responses, but refused to produce information and documents related to its claims handling practices. *Id.* at Ex. D.

Oxnard had also served Set Two Interrogatories and Requests for Production ("Set Two Requests") when the parties conferred. *Id.* at ¶ 11. Given Hallmark's baseless refusal to produce materials related to claims handling, which were plainly relevant to Oxnard's breach of contract, bad faith, and UCL causes of action, Oxnard counsel anticipated that there may be more disputes arising from the Set Two Requests, which also sought information and documents relevant to its bad faith claim. To conserve judicial resources, Oxnard opted to wait until the Set Two Requests were also at issue to pursue a Motion to Compel.

### B. Oxnard's Set Two Requests

Oxnard served its Set Two requests on July 3, 2023, and received Hallmark's responses by mail only on August 11, 2023. Wagner Decl., ¶¶ 11, 12. Oxnard sent a meet and confer email on August 15, 2023 which specified issues with Hallmark's responses, provided legal authorities requiring Hallmark to supplement said responses, and requested a telephonic conference on these issues within 7 days of the date of the e-mail. *Id*. at ¶ 13. The parties conferred telephonically on August 21, 2023, but were unable to resolve any issues. *Id*. at ¶ 14.

During that call, Oxnard's counsel requested, but did not receive, Hallmark counsel's availability for a telephonic conference with Magistrate Rocconi prior to filing any motion to compel. *Id*. at ¶ 15. After Oxnard counsel made two further requests, Hallmark counsel provided its availability, and Oxnard's counsel promptly e-mailed Magistrate Rocconi's Courtroom Deputy ("CRD") on August 22, 2023 requesting a Pre-Motion Conference on August 25 or August 28. *Id*. at ¶¶ 16-18, Ex. I. Oxnard counsel followed up with the CRD on August 25, 2023, but has received no further information on the request following an August 25, 2023 email stating that the request was still pending. *Id*. at ¶¶ 19-20.

### C. Oxnard's Further Efforts to Comply with the Discovery Cutoff

In order for the Court to hear a Motion to Compel by the October 4, 2023 discovery cutoff date, Oxnard must provide Hallmark with its portion of the Joint

4

Statement by September 5, 2023 and file the Motion by September 13, 2023.[1] Since the Court's schedule has not permitted it to schedule a Conference in the past 8 days, there is no guarantee that the conference can occur soon, especially given the impending Labor Day holiday weekend. To facilitate timely filing of the Joint Statement, Plaintiff provided Hallmark with its portion of the Joint Statement yesterday. *Id*. at Ex. L. The parties have begun conferring on the Joint Statement. *Id*. at ¶ 22.

### III. ARGUMENT

#### A. GOOD CAUSE EXISTS TO GRANT PLAINTIFF'S REQUESTED RELIEF, AS IN ITS ABSENCE PLAINTIFF WILL SUFFER IRREPARABLE INJURY

If the instant *Ex Parte* Application is not granted, Plaintiff's Motion likely cannot be heard on regular notice prior to the discovery cutoff. If Plaintiff cannot have its Motion heard, it will be irreparably injured because it will be unable to obtain discovery that is critical to proving its bad faith claim.

The use of an *ex parte* application is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine

---

[1] This accounts for both the 7 days that Hallmark has to complete the Joint Statement, and the one additional business day that the Local Rules permit for counsel to sign the completed document. L.R. 37-2.2.

5

MEMORANDUM OF POINTS AND AUTHORITIES

procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought). *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013). This application falls into the first and third categories.

A party seeking *ex parte* relief must further make "an adequate showing of good cause or irreparable injury". *Clark v. Time Warner Cable*, 2007 WL 1334965, at *1 (C.D. Cal. May 3, 2007). "Moreover, it must be established that the moving party is without fault in creating the crisis or that the crisis occurred as a result of excusable neglect." *Id.* Here, there is both good cause and a risk of irreparable injury.

### 1.   *Plaintiff Has Been Diligent in Attempting to Resolve All Discovery Disputes in a Timely Manner*

Good cause exists to either waive the Pre-Motion Conference or permit it to occur post-filing. Plaintiff has been diligent in trying to resolve all discovery disputes without Court intervention and comply with the Conference requirement in a timely manner.

Oxnard first served discovery requests in early May, five months before the discovery cutoff, to allow ample time to confer on any dispute before motions practice. Oxnard likewise provided thorough responses to Hallmark's Set One objections to facilitate meaningful conferral. *See* Section II.A., *supra*. Hallmark's counsel delayed the conferral process on the Set One requests, and as a result the parties did not confer until after service of Oxnard's Set Two requests. *Id*.

6

MEMORANDUM OF POINTS AND AUTHORITIES

There were several Set One requests that the parties could not resolve. But, given Hallmark's baseless refusal to produce relevant information and documents to these Oxnard's Set One requests, Oxnard anticipated further intractable disputes in relation to Set Two requests. Rather than risk the need for multiple motions to compel, Oxnard chose to wait until all discovery disputes were ripe to proceed.

Likewise, Oxnard timely sought to meet and confer on Hallmark's responses to the Set Two Requests 4 days after receipt. *See* Section II.B., *supra*. The parties timely conferred, and within 24 hours of reaching an impasse, e-mailed the Court on August 22, 2023 to seek a Conference in compliance with the Court's procedures. *Id*. The Court confirmed receipt of the request, but has not yet scheduled the Conference.

Plaintiff has timely pursued discovery and attempted to thoroughly confer on all disputes to avoid Court intervention to the extent possible. Further, it has timely complied with Magistrate Rocconi's requirements to obtain a Pre-Motion Conference. Plaintiff is not running up against the clock on its Motion to Compel as a result of neglect, but rather, faces this obstacle despite its own diligent efforts.

There is thus good cause for the Court to waive the Pre-Motion Conference or permit it to occur post-filing.

### 2. *Plaintiff Faces a Risk Irreparable Injury If Its Motion Cannot Be Heard Prior to the Discovery Cutoff*

If the Court does not grant the *Ex Parte* Application, Plaintiff's Motion to Compel likely cannot be heard by the discovery cutoff. *See* Section III.C, *supra*.

Because the Motion seeks discoverable information and documents that are relevant to its breach of contract, bad faith and/or UCL claims, losing the opportunity to obtain this discovery would irreparably injure Plaintiff.

By its Motion, Plaintiff seeks discovery of (1) claims manuals and underwriting manuals and (2) names, contact information, and claims files of other insureds whose claim Hallmark denied on the same spurious basis as it denied Oxnard's claim. Wagner Decl., Ex. L, pp. 5, 8, 12, 18, 21, 28, 35, 40, 46, 52, 57, 63. Both are relevant and discoverable.

Claims manuals are discoverable in breach of contract and bad faith insurance actions. *Glenfed Dev. Corp. v. Superior Court*, 53 Cal.App.4th 1113, 1117-18 (Cal. Ct. App. 1997) ("it makes no sense to suggest that the book designed to serve as the instruction manual for the carrier's employees would be completely silent about policy terms"); *Hovsepyan v. GEICO Gen. Ins. Co.*, No. 2:19-cv-00899-MCE-CKD, 2020 WL 2512403 at *5 (E.D. Cal. May 15, 2020). The same is true of underwriting manuals. *GBTI, Inc. v. Ins. Co. of State of Pa.*, No. 1:09cv1173 LJO DLB, 2010 WL 2942631, at *4 (E.D. Cal. July 23, 2010) (finding underwriting manuals discoverable and noting that, "[a]t the discovery stage, the Court does not decide whether parol evidence will or will not be admitted to address interpretation of the policy").

Category (2) above is discoverable pursuant to *Colonial Life Accident Ins. Co. v. Superior Court*, 31 Cal.3d 785 (Cal. 1982), which permits discovery of such

8

information and documents where a plaintiff has alleged a practice of bad faith. *Id*. at 792; *see also Shirley v. Allstate Ins. Co.*, Case No.: 18CV994 AJB (BGS), 2019 WL 3208000 at *1, *3 (S.D. Cal. July 16, 2019) ("[A] defendant insurance company can be compelled to provide the names and addresses of insureds whose claim files are likely to provide information relevant to the plaintiff's claim…").

Since the Motion seeks discovery that is plainly relevant to the alleged causes of action and otherwise discoverable, Plaintiff will suffer irreparable injury if it cannot obtain this discovery.

### B. DEFENDANT WILL NOT BE PREJUDICED BY EITHER WAIVING THE PRE-MOTION CONFERENCE OR CONDUCTING IT POST-FILING

In addition, Hallmark will suffer no prejudice should the Court waive the Pre-Motion Conference.

Hallmark is already aware of the substance of Oxnard's Motion, and has been for some time. Oxnard counsel sent a meet and confer letter which specified the perceived deficiencies in Hallmark's responses to the Set One Requests and provided supporting legal authorities on June 26, 2023. *See* Section II.A, *supra*. The parties' counsel had multiple conference sessions on the same on July 11 and 12, 2023. *Id*. Oxnard provided a similar meet and confer email on Hallmark's responses to the Set Two Requests on August 11, 2023. *See* Section II.B, *supra*. The parties' counsel also conferred telephonically on these issues.

9

MEMORANDUM OF POINTS AND AUTHORITIES

Finally, Oxnard sent Hallmark its portion of the Joint Stipulation on August 30, 2023. *Section* II.C, *supra*. Hallmark can still use all 7 days permitted by the Local Rules to return its portion of the Joint Stipulation, as well as an additional business day to sign the completed document (L.R. 37-2.2) if the Court waives its Pre-Motion Conference.

## IV. CONCLUSION

For the above-mentioned reasons, Plaintiff respectfully requests that this Court grant its request to waive the Pre-Motion Conference and allow Plaintiff to file its Motion to Compel without the Conference. Alternatively, Plaintiff requests that the Court permit the Conference to occur after filing of the Motion.

Dated: August 31, 2023            THE WAGNER FIRM

*/s/ Avi Wagner*

By: Avi Wagner
1925 Century Park East
Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com
Attorney for Plaintiff Oxnard Manor, LP

10

MEMORANDUM OF POINTS AND AUTHORITIES

# PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On August 31, 2023 I served true and correct copies of the foregoing documents,

- **PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER WAIVING THE PRE-MOTION TELEPHONIC CONFERENCE REQUIREMENT FOR DISCOVERY MOTIONS, OR, PERMITTING THE CONFERENCE TO OCCUR POST-FILING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**

- **DECLARATION OF AVI WAGNER IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER WAIVING THE PRE-MOTION TELEPHONIC CONFERENCE REQUIREMENT FOR DISCOVERY MOTIONS, OR, PERMITTING THE CONFERENCE TO OCCUR POST-FILING AND EXHIBITS THERETO;**

- **[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER WAIVING THE PRE-MOTION TELEPHONIC CONFERENCE REQUIREMENT FOR DISCOVERY MOTIONS, OR, PERMITTING THE CONFERENCE TO OCCUR POST-FILING AND EXHIBITS THERETO;**

by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | |
|---|---|
| 1 | |
| 2 | Executed on August 31, 2023, at Los Angeles, California. |
| 3 | /s/ *Charissa Morningstar* |
| 4 | |
| 5 | Charissa Morningstar |

2

PROOF OF SERVICE