# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OXNARD MANOR LP dba OXNARD MANOR HEALTH CENTER, a California Limited Partnership,<br><br>                   Plaintiff,<br><br>      v.<br><br>HALLMARK SPECIALTY INSURANCE COMPANY, an Oklahoma Corporation, and DOES 1-100,<br><br>                   Defendants. | Case No. 2:23-cv-01322-SPG-MAR<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [ECF NO. 38]** |

Before the Court is Hallmark Specialty Insurance Company's ("Defendant") Motion for Judgment on the Pleadings. (ECF No. 39). Plaintiff Oxnard Manor LP dba Oxnard Manor Health Center ("Plaintiff") opposes. Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds the matter suitable for resolution without oral argument and GRANTS the Motion in Part. Fed. R. Civ. P. 78(b); Central District of California Local Rule 7-15.

## I. BACKGROUND

The Court has previously recounted the factual background in this case, and will not do so again here. However, the following background is procedurally relevant. On February 22, 2023, Defendant removed the action to this Court. (ECF No. 1). On May 17, 2023, Plaintiff filed the operative First Amended Complaint ("FAC"). (ECF No. 32). Defendant then filed an answer on August 8, 2023. (ECF No. 37). And, on August 15, 2023, Defendant filed the instant Motion for Judgment on the Pleadings. (ECF No. 38 ("Mot.")). Plaintiff opposed the Motion and Defendant replied. (ECF No. 39 ("Opp.")); (ECF No. 40 ("Reply")).

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court may grant judgment on the pleadings where the moving party is entitled to judgment as a matter of law when taking the allegations in the pleadings as true. *Gregg v. Haw. Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (internal citation omitted). This standard is "functionally identical" to the standard for determining a motion to dismiss under Rule 12(b)(6). *Id.* (quoting *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)). Accordingly, a court need not accept as true factual allegations that are conclusory or represent conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citation omitted). Judgment on the pleadings should thus be entered when a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotation marks omitted). For purposes of ruling on a Rule 12(c) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the

nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *see also Cafasso*, 637 F.3d at 1053.

When ruling on a motion for judgment on the pleadings, a court may consider documents that the pleadings incorporate by reference, as well as matters that are subject to judicial notice. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court also may "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Davis v. HSBC Bank*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal quotations omitted). The court may treat such a document as part of the complaint. *Id.* Lastly, the court may not assume the truth of allegations contradicted by affidavit or matters properly subject to judicial notice. *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

## III.   DISCUSSION

Defendant's Motion challenges Plaintiff's claim for unjust enrichment as well as plaintiff's claim for breach of the duty of good faith and fair dealing. Specifically, Defendant argues that Plaintiff's unjust enrichment claim improperly relies on a written contract between the parties. Likewise, Defendant argues that Plaintiff's claim for breach of the duty of good faith and fair dealing (hereinafter "bad faith claim") is barred by the statute of limitations. By extension, Defendant argues that Plaintiff cannot recover punitive damages or attorneys' fees. The Court addresses each argument in turn.

### A.   Plaintiff's Unjust Enrichment Claim

While California law does not include a specific claim for unjust enrichment, California courts have long recognized a common law claim for reimbursement and restitution based on such unjust enrichment. *See, e.g.*, *Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988, 998 (2015) (discussing cause of action based on unjust enrichment); *see also Durrell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) (finding that, while California law does not include a standalone cause of action for unjust enrichment, it is "synonymous with restitution"). Therefore, "[w]hen a plaintiff alleges

unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014)).

Furthermore, because unjust enrichment arises as a quasi-contract cause of action under California law, a Plaintiff cannot base such a claim on a written contract. *Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal. App. 4th 151, 172 (2001) ("as a matter of law, a quasi-contract action for unjust enrichment does not lie where, as here, express binding agreements exist and define the parties' rights."). At the same time, Federal Rule of Civil Procedure 8(d) expressly permits the pleading of alternative, or even inconsistent, claims. Fed. R. Civ. P. 8(d)(2)–(3). Therefore, where a plaintiff plausibly pleads causes of action in both contract and quasi-contract, both causes of action may proceed past the pleadings stage. *See, e.g.*, *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388 (2012) ("if a plaintiff was uncertain as to whether the parties had entered into an enforceable agreement, the plaintiff would be entitled to plead inconsistent claims predicated on both the existence and absence of such an agreement"); *see also Muratore v. American Alternative Investments, LLC*, No. SACV 18-00105-CJC(JDEx), 2018 WL 6137620, at *4 (C.D. Cal. Apr. 2, 2018) (denying motion to dismiss unjust enrichment claim where plaintiff adequately alleged potential of invalid contract and likewise failed to adequately allege valid written contract). However, each alternative claim must still be adequately pled. Therefore, the alternative cause of action based in quasi-contract must not rely on a written contract. *See Klein*, 202 Cal. App. 4th at 1389 (plaintiffs needed to "deny the existence of enforceability of [an express] agreement" or otherwise plead "the absence of an enforceable agreement" in order to state unjust enrichment claim).

Here, the Court agrees with Defendant that Plaintiff's unjust enrichment claim fails as pled. While Plaintiff is correct that alternative pleading is permissible, Plaintiff ignores the fact that Plaintiff must still plead a plausible claim in quasi-contract. As currently pled in the FAC, Plaintiff fails to "deny the existence or enforceability of" the written insurance

policies it otherwise alleges existed between the parties. *Klein*, 202 Cal. App. 4th at 1389. Instead, Plaintiff's claim for unjust enrichment expressly references those written agreements, alleging that "Hallmark accepted and kept the premiums paid by Plaintiff for insurance coverage under the Policies while refusing to fulfill its obligations to Plaintiff under the Policies." (FAC ¶ 105). Therefore, Plaintiff's claim for unjust enrichment is pled not as a claim in quasi-contract, but, instead, based on express written insurance policies and, therefore, fails to state a claim for relief. The Court thus GRANTS Defendant's Motion for Judgment on the Pleadings as to Plaintiff's fifth cause of action for unjust enrichment.[1]

### B. Plaintiff's Bad Faith Claim

Defendant argues for dismissal of Plaintiff's bad faith claim based on the alleged running of the statute of limitations. Therefore, the Court will examine the sufficiency of this claim only on this narrow basis.

A complaint cannot be dismissed based on the running of the statute of limitations "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Syed v. M-I, LLC*, 853 F.3d 492, 507 (9th Cir. 2017) (internal quotation omitted). A cause of action for breach of the duty of good faith and fair dealing in the insurance context may sound in both tort and contract and is therefore subject to either a two- or four- year statute of limitations, respectively. *See Archdale v. Am Int'l Specialty Lines Ins. Co.*, 154 Cal. App. 4th 449, 467 n.19 (2007); *see also Jonathan Neil & Assocs. v. Jones*, 33 Cal. 4th 917, 932 (2004) (holding that while breach of implied covenant of good faith and fair dealing generally sounds in contract, in the insurance

---

[1] The Court will grant Plaintiff one further attempt to amend this claim, should Plaintiff be able to plausibly plead a true quasi-contract cause of action. *See Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013) (directing that grant of motion for judgment on the pleadings should allow leave to amend if the complaint can be cured by additional factual allegations); *see also Crosby v. Wells Fargo, N.A.*, 42 F. Supp. 3d 1343, 1346 (C.D. Cal. 2014) (finding courts have discretion on whether to grant leave to amend when granting a motion under Rule 12(c)).

context, such a claim also sounds in tort). In actions based on an insurer's alleged failure to defend, a plaintiff's claim accrues when the insurer refuses the plaintiff's tender of defense. *See Lambert v. Commonwealth Land Title Ins. Co.*, 53 Cal. 3d 1072, 1077 (1991). However, while "the statutory period commences upon the refusal to defend, it is equitably tolled until the underlying action is terminated by a final judgment." *Id.* This tolling has also been extended to claims for breach of the implied covenant of good faith and fair dealing. *Archdale*, 154 Cal. App. 4th at 458.

Here, Defendant argues that because the underlying suit at issue settled no later than October 22, 2019, the statute of limitations had run when Plaintiff filed the instant action on February 22, 2023. (Mot. at 6–7). Plaintiff responds that Defendant's motion is improper because the face of the Complaint does not demonstrate that Plaintiff's claim is untimely. Plaintiff bolsters this position with a request for judicial notice of the entry of dismissal in the underlying action at issue in this case. The entry of dismissal demonstrates that a final disposition of the underlying action did not take place until November 15, 2021.[2] Therefore, the core of the parties' dispute centers on when the statute of limitations began to run, and whether it was equitably tolled until the underlying action was dismissed.

Defendant argues that Plaintiff's allegations here are meaningfully different from those presented to the California Supreme Court in *Lambert* in part because "*Lambert* was decided solely on a *contractual* obligation, not an action in tort." However, this ignores the basis of Plaintiff's cause of action here. Plaintiff seeks to recover for Defendant's alleged bad faith, but that bad faith arises from an alleged contractual duty to defend pursuant to Plaintiff's insurance policies. Thus, on the face of the FAC, Defendant's distinction does not clearly apply. This argument also ignores the California Court of Appeals' extension of such equitable tolling to bad faith actions. *See Archdale*, 154 Cal.

---

[2] Courts may take judicial notice of proceedings in other courts including filings and court orders. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 n.6 (9th Cir. 2006). Therefore, as relevant to the instant Motion, the Court takes judicial notice of the date of the dismissal document.

App. 4th at 458. While Defendant is correct that the Court's primary analysis of equitable tolling in *Archdale* took place when discussing the contract-based bad faith cause of action in that case, the Court's dismissal of the tort-based cause of action recognized that even if equitably tolled, the plaintiff's cause of action would still be untimely. *Id.* at 473. Therefore, there is no reason to believe that the equitable tolling of bad faith causes of action based on breaches of an insurer's duty to defend is limited, as Defendant suggests.

Defendant's additional argument regarding distinctions between the present case and *Lambert* is similarly unavailing. Defendant argues that *Lambert* is unique because it involved title insurance and real property. However, the California Supreme Court in *Lambert* specifically stated that "the duty to defend in a title insurance case is governed by the same principles which govern the duty to defend under general liability policies." *Lambert*, 53 Cal. 3d at 1077. Indeed, California courts have since reaffirmed the "settled" principle that "the duty to defend is continuing, and that the limitations period is equitably tolled from the time the cause of action accrues—upon [the insurer's] refusal to defend—until the underlying lawsuit is terminated by a final judgment." *Eaton Hydraulics Inc. v. Continental Casualty Co.*, 132 Cal. App. 4th 966, 973 (2005).

With this "settled" principle in mind, Defendant's position becomes untenable. Defendant in essence argues that, while the breach of the duty to defend that underlies the claim for bad faith would be tolled until the issuance of a final judgment in the underlying action, the claim for bad faith would not. This is illogical and contrary to precedent. *See Eaton*, 132 Cal. App. 4th at 973 (finding plaintiff bringing claims for breach of duty to defend and breach of duty of good faith and fair dealing "was not obliged" to commence its *action* when the insurer refused a tender of defense, but instead "had the option of waiting until the duty to defend ha[d] expired before filing suit") (internal citation omitted) (emphasis added); *see also Archdale*, 154 Cal. App. 4th at 478 (applying *Lambert*'s rationale to toll limitation period for insured's claim of breach of implied covenant of good

faith and fair dealing). Therefore, the Court finds that Plaintiff's bad faith cause of action was tolled until November 15, 2021, and remains timely filed in this action.[3]

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion is GRANTED, with leave to amend, as to Plaintiff's claim for unjust enrichment and DENIED as to Plaintiff's claim for breach of the duty of good faith and fair dealing, punitive damages, and attorney's fees. An amended complaint, if any, shall be filed within fourteen (14) calendar days of the issuance of this order.

Dated: September 15, 2023

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

---

[3] Defendant's only argument as to the validity of Plaintiff's claims for punitive damages and attorneys' fees is that they must fall alongside the bad faith claim. However, because the bad faith claim survives, Plaintiff's claims for punitive damages and attorneys' fees may not be dismissed on this basis.