
Avi Wagner (SBN #226688)
Jennifer N. Hinds (SBN #301804)
THE WAGNER FIRM
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com

*Attorneys for Plaintiff Oxnard Manor LP dba Oxnard Manor Health Center*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Oxnard Manor LP dba Oxnard Manor Health Center, a California Limited Partnership,<br><br>Plaintiff,<br><br>vs.<br><br>Hallmark Specialty Insurance Company, an Oklahoma Corporation, and DOES 1-100,<br><br>Defendant(s). | Case No.: 2:23-cv-01322-SPG-MAR<br>(Removed from Los Angeles County Superior Court, Case No. 23STCV02077)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 (EXCLUDE ARGUMENT OR EVIDENCE RE: SHLOMO RECHNITZ); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>**Date: April 10, 2024**<br>**Time: 3:00 p.m.**<br><br>Original Complaint Filed: 2/6/23<br>Removal: 2/22/23<br>Trial: 4/30/24 |

TO THE COURT AND ALL PARTIES:

Please take notice that on April 10, 2024 at 3:00 p.m. in Courtroom 5C of the above-captioned Court, located at 350 W. 1st St., Los Angeles, CA 90012, before the Honorable United States District Judge Sherilyn Peace-Garnett, Plaintiff Oxnard Manor, L.P. ("Oxnard") will and hereby does move this Court for an Order excluding any argument or evidence related to Shlomo Rechnitz, including but not limited to, his deposition testimony in other actions; court filings in other actions to which Oxnard was not a party, and communications and/or notices from regulators to Mr. Rechnitz regarding businesses he beneficially owns.

This Motion is based upon this Notice of Motion; the supporting Memorandum of Points and Authorities; the Declaration of Avi Wagner in support, all other pleadings and papers on file with the Court in this action, and any other such evidence or oral argument that may be presented at or before the hearing.

Dated: March 13, 2024                    THE WAGNER FIRM

By: */s/ Avi Wagner*

Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com

Attorney for Plaintiff

# I.    INTRODUCTION

Plaintiff Oxnard Manor, L.P ("Oxnard") moves to exclude all evidence related to Shlomo Rechnitz, including but not limited to, any deposition transcripts from other lawsuits to which Oxnard was not a party; any materials issued to or about Mr. Rechnitz by regulatory agencies; and any filings in other lawsuits to which Mr. Rechnitz, but not Oxnard, was a party.  Any such materials are irrelevant to Oxnard's bad faith cause of action and any defenses Hallmark may present.  In addition to lacking any probative value, these materials could be offered by Hallmark to attempt to prejudice the jury with irrelevant matters.  Such evidence is inadmissible.

# II.    RELEVANT FACTS

The lone remaining claim in this litigation is whether Hallmark behaved in bad faith when it breached its duty to defend Oxnard in the lawsuit filed by the heirs of deceased resident Kathleen DeSoto ("*DeSoto*").

## A.    The *DeSoto* Action

On October 24, 2018 the heirs of deceased Oxnard resident Kathleen DeSoto filed a lawsuit against Oxnard ("*DeSoto*").  According to the *DeSoto* Complaint, while "Plaintiff's staff were cleaning and changing DeSoto [] they positioned her so that she was lying on her left side such that she fell forward and off the bed, landing face down on the floor."  Court's Order on Summary Judgment, Docket Entry ("D.E.")  68, at 4:8-10.  The *DeSoto* complaint does not allege that Mr. Rechnitz, who is an indirect beneficial owner of Oxnard, participated in the incident resulting in Ms. DeSoto's death, nor has any evidence of his participation been produced in *DeSoto* or this action.

**B.      The Hallmark Policy and Hallmark's Handling of *DeSoto***

In December 2017 Oxnard held a Long-Term Care Organization Insurance Policy, Policy No. 75LTP000118 (Eff. 06/01/17-06/01/18) (the "17/18 Policy") issued by Hallmark.  D.E. 68, 2:5-10.  Mr. Rechnitz was not involved in the procurement of this policy.  Declaration of Avi Wagner in Support of Motions in Limine ("Wagner Decl."), ¶¶ 6, 7, Ex. A, Hallmark Insurance Application. Oxnard timely tendered *DeSoto* to Hallmark on October 25, 2018.

On February 4, 2019 Hallmark denied coverage for *DeSoto* based on its contention that it was "Related" to a previous action, *Foreman*, and subject to certain policy exclusion.  D.E. 68, 5:16-6:4.  During its alleged coverage investigation of *DeSoto*, Hallmark never interviewed Mr. Rechnitz, and he was not otherwise involved in Hallmark's handling of the *DeSoto* claim.  Wagner Decl., ¶ 7.

Despite Hallmark's refusal to participate, Oxnard mediated *DeSoto* in October 2019, and subsequently settled with the plaintiffs. D.E. 68, 6:11-18.  Rechnitz was not a party to the mediation or settlement.  D.E. 55-2 (filed under seal).

**C.      The Instant Action**

Oxnard filed this action in February 2023 alleging causes of action against Hallmark for *inter alia*, breach of contract and bad faith.  Mr. Rechnitz is not now, and has never been, a party in this case.

In its motion for summary judgment, Hallmark offered (over Plaintiff's objection) evidence from Mr. Rechnitz's deposition testimony in multiple actions to which Oxnard was not a party and filings in cases in which Mr. Rechnitz, but not Oxnard, was a defendant.  This evidence included:

- Deposition Transcript of Shlomo Rechnitz (*Foreman*) (08/28/17), D.E. 62-9, JAE 20;

- Deposition Transcript of Shlomo Rechnitz (*Nevarrez*) (01/24/13), D.E. 62-9, JAE 20a;

- Notice of Related Case (filed in *Richardson* 08/17/18); Reply In Support of Notice Of Related Cases; Memorandum of Points and Authorities; Declaration of Counsel in Support (filed in Richardson 09/10/18) D.E. 62-9, JAE 21; and

- Supplemental Declaration of Julie R.F. Gerchik in Support of Petition for Coordination and Stay of All Actions, filed 02/08/19 in JCCP Case No. 4988, D.E. 62-9, JAE 22 (collectively, the "Rechnitz Evidence").

Hallmark also previously identified alleged regulatory notices issued to other facilities associated with Mr. Rechnitz as purportedly being relevant to this action.   Wagner Decl., Ex. B, Hallmark First Amended Initial Disclosures, 8:10-15.

On December 21, 2023, the Court found that Hallmark had a duty to defend *DeSoto*, and that it breached this duty, thereby resolving Oxnard's breach of contract cause of action in Oxnard's favor.  D.E 68.  The lone cause of action remaining is the Complaint's third cause of action, which asserts that Hallmark acted in bad faith in denying its duty to defend *DeSoto*.

Counsel for Oxnard and Hallmark met and conferred on this motion prior to filing.  Wagner Decl., ¶ 3.  During that meet and confer Hallmark asserted that the

Rechnitz Evidence was relevant to its duty to indemnify Oxnard and to Oxnard's bad faith claim. *Id*. at ¶ 4.

## III.   ARGUMENT

### A.   Documents Related to Rechnitz from Regulatory Agencies and Other Litigation Are Not Relevant

The sole issue remaining in this case is Hallmark's handling of *DeSoto*. Evidence related to Mr. Rechnitz from other litigation or regulatory matters involving other facilities are not relevant to this issue. The Court should thus preclude Hallmark from introducing any such evidence.

Federal Rule of Evidence ("F.R.E.") 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." F.R.E. 401. The Rechnitz Evidence meets neither requirement.

Mr. Rechnitz is not alleged to have participated in the events causing Ms. DeSoto's death or Hallmark's investigation. *See* Section II.B. *supra*. Thus, his testimony in unrelated actions and any unrelated regulatory filings are irrelevant to any fact of consequence.

While Hallmark contends (without explanation) that this evidence is relevant to the duty to indemnify, this issue is not in dispute. Even it was, evidence about non-party Rechnitz would be irrelevant.

The only cause of action remaining is Oxnard's bad faith cause of action arising from Hallmark's handling of the *DeSoto* claim. Mr. Rechnitz and other litigation and regulatory actions related to him are wholly unrelated to this cause of action.

"The key to a bad faith claim is whether or not the insurer's denial of coverage was reasonable." *Guebara v. Allstate Ins. Co*., 237 F.3d 987, 992 (9th Cir. 2001).  Thus, the only matter at issue is whether Hallmark behaved reasonably in denying Oxnard coverage for *DeSoto*.  The focus of inquiry is therefore on *Hallmark*'s conduct, not that of non-party Rechnitz.  Mr. Rechnitz's conduct or statements in other litigation that did not involve Oxnard, much less Hallmark's denial of its duty to defend Oxnard, has no bearing on whether Hallmark behaved reasonably in breaching its duty to defend Oxnard in *DeSoto*.  The Court should preclude admission of this irrelevant evidence.

**B.     Even if Rechnitz-Related Evidence Were Relevant, the Risk of Prejudice Significantly Outweighs Any Probative Value**

Even if non-party Rechnitz's prior litigation and regulatory communications were relevant to some fact of consequence in this action, they should still be excluded because their admission would create a risk of unfair prejudice that far outweighs any claimed probative value.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403.  Hallmark seeks to introduce evidence of Mr. Rechnitz's participation in lawsuits involving other skilled nursing facilities ("SNFs") and regulatory violations that do not involve Oxnard in an attempt to elicit negative emotions in the jury, which it ostensibly hopes the jury will then mistakenly transfer to Oxnard.  The Court should deny admission of this irrelevant evidence to avoid the risk of unfair prejudice to Oxnard based on irrelevant conduct of non-party Rechnitz. *Snyder v. Bank of Am*., 2020 WL 6462400, No. 15-cv-04228-KAW (N.D. Cal. Nov. 3,

2020); *Marine Bargas v. Rite Aid Corp*., CV 13-3865-MWF (JEMx), 2016 U.S. Dist. LEXIS 200671, at *8 (C.D. Cal. Oct. 26, 2016) (excluding evidence of previous litigation because its probative value was substantially outweighed by the danger of unfair prejudice).

## IV.   CONCLUSION

For the foregoing reasons, the Court should exclude all evidence related to Mr. Rechnitz's involvement in litigation and regulatory matters, including the Rechnitz Evidence.   Such evidence is unrelated to Oxnard, irrelevant to any issue in dispute, and is only offered for the purpose of creating undue prejudice against Oxnard.

DATED: March 13, 2024                    THE WAGNER FIRM


By:*/s/ Avi Wagner*_____
Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:   (310) 491-7949
Facsimile:   (310) 694-3967
Email:          avi@thewagnerfirm.com

*Attorneys for Plaintiff Oxnard Manor LP dba Oxnard Manor Health Center*