Avi Wagner (SBN #226688)
Jennifer N. Hinds (SBN #301804)
THE WAGNER FIRM
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com

*Attorneys for Plaintiff Oxnard Manor LP dba Oxnard Manor Health Center*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oxnard Manor LP dba Oxnard Manor Health Center, a California Limited Partnership,<br><br>Plaintiff,<br><br>vs.<br><br>Hallmark Specialty Insurance Company, an Oklahoma Corporation, and DOES 1-100,<br><br>Defendant(s). | Case No.: 2:23-cv-01322-SPG-MAR (Removed from Los Angeles County Superior Court, Case No. 23STCV02077)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 (EXCLUDE ARGUMENT OR EVIDENCE RE: EXISTENCE OF COVERAGE FOR *DE SOTO*); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date: April 10, 2024**<br>**Time: 3:00 p.m.**<br><br>Original Complaint Filed: 2/6/23<br>Removal: 2/22/23<br>Trial: 4/30/24 |

TO THE COURT AND ALL PARTIES:

Please take notice that on April 10, 2024 at 10:00 in Courtroom 5C of the above-captioned Court, located at 350 W. 1st St., Los Angeles, CA 90012, before the Honorable United States District Judge Sherilyn Peace-Garnett, Plaintiff Oxnard Manor, L.P. ("Oxnard") will and hereby does move this Court for an Order excluding any argument or evidence related to whether the Long-Term Care Organization Insurance Policy, Policy No. 75LTP000118 (Eff. 06/01/17-06/01/18) (the "17/18 Policy") issued to Oxnard by defendant Hallmark Specialty Insurance Company ("Hallmark") provided coverage for the October 24, 2018 lawsuit filed against Oxnard ("*DeSoto*").

This Motion is based upon this Notice of Motion; the supporting Memorandum of Points and Authorities; the Declaration of Avi Wagner in support, all other pleadings and papers on file with the Court in this action, and any other such evidence or oral argument that may be presented at or before the hearing.

Dated: March 13, 2024            THE WAGNER FIRM

By: */s/ Avi Wagner*

Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com

Attorney for Plaintiff

## I.   INTRODUCTION

Plaintiff Oxnard Manor, L.P ("Oxnard") moves to exclude all argument and evidence as to whether Defendant Hallmark Specialty Insurance Company ("Hallmark") was required to cover and defend Oxnard in the October 2018 lawsuit brought by the heirs of deceased Oxnard resident Kathleen DeSoto ("*DeSoto*"), including argument and evidence as to any party's belief about the existence of coverage.  This Court ruled has already ruled that Hallmark had a duty to defend Oxnard in *DeSoto*, that it breached that duty, and that Oxnard was entitled to summary judgment on its breach of contract claim under the 17/18 Policy.  Order on Motion for Summary Judgment, Docket Entry ("D.E.") 68, 19:11-13.  Thus, any argument or evidence on this issue is irrelevant to the issues in dispute, confusing, and unfairly prejudicial.

## II.   RELEVANT FACTS

### A.   The *DeSoto* Action and Hallmark's Denial

On October 24, 2018 the heirs of deceased Oxnard resident Kathleen DeSoto filed a lawsuit against Oxnard ("*DeSoto*").  At that time Oxnard had Long-Term Care Organization Insurance Policy, Policy No. 75LTP000118 (Eff. 06/01/17-06/01/18) (the "17/18 Policy") issued by Hallmark.  Oxnard timely tendered *DeSoto* to Hallmark on October 25, 2018.  On February 4, 2019, Hallmark denied coverage for *DeSoto*.

### B.   *DeSoto* Discovery

On September 27, 2019, seven months after Hallmark denied *DeSoto*, Oxnard served responses in *DeSoto* to form interrogatories that identified Shomer Insurance Agency as the insurance company issuing a policy that may provide coverage for *De*

*Soto* ("Interrogatory Response"). D.E. 62-6, JAE 13a, Oxnard Manor's Response To DeSoto Form Interrogatories, Set Two, verified 09/24/19, pp. 3-4. Shomer Insurance Agency is a broker and does not write insurance policies. D.E. 62-11, Excerpt of Deposition Transcript of Barry Kaye, JAE 27, 83:20-84:4. This is the retail broker who, with wholesale broker AmWins, sold the Hallmark 17/18 Policy. *Id*.

Hallmark does not dispute that it first became aware of this interrogatory response when Oxnard produced it as discovery in this action, meaning that the response did not form the basis of its decision in 2019 to deny coverage, or, its subsequent refusals to revise that determination or participate in the mediation and settlement of *DeSoto*. Declaration of Avi Wagner in Support of Motions in Limine ("Wagner Decl."), ¶ 8.

**C.  The Instant Action**

Oxnard filed this action in February 2023 alleging causes of action against Hallmark for *inter alia*, breach of contract and bad faith.

In its motion for summary judgment, Hallmark offered the Interrogatory Response as alleged evidence that there was no coverage for *DeSoto* under the Policy. Joint Appendix of Facts, D.E. 62-1, Fact 13a. The Court appropriately rejected this contention.

On December 21, 2023, the Court found that Hallmark had a duty to defend *DeSoto*, and that it breached this duty, thereby resolving Oxnard's breach of contract cause of action. D.E. 68, 19:11-13. Hallmark disputes that the Court resolved this

claim, and contends, without basis, that triable issues remain on the breach of contract cause of action.[1]

Counsel for Oxnard and Hallmark met and conferred on this motion prior to filing. Wagner Decl., ¶ 3.

### III.   ARGUMENT

#### A.   Argument and Evidence on Whether Coverage Existed for *DeSoto* Are Not Relevant to Any Issue in Dispute

Evidence that is only relevant to previously resolved claims is not admissible. F.R.E. 402; *see Hammler v. Gooch,* 1:19-cv-00653-JLT-EPG (PC) (E.D. Cal. Mar. 6, 2024) at *6 (excluding evidence that was relevant only to dismissed claims).

To the extent that Hallmark seeks to introduce argument or evidence that no coverage existed for *DeSoto*, or that any party believed that no coverage existed, this must be excluded as the Court has already granted summary judgment on the breach of contract claim, finding that that Hallmark breached its duty to defend. This claim is no longer in dispute, and argument or evidence to the contrary should be excluded. *See, e.g., Ng v. Snow*, 2008 WL 5459167, at *1 (C.D. Cal. Aug. 18, 2008) (granting motion in limine to exclude evidence about matters on which the court had already granted summary judgment).

Such evidence or argument is irrelevant to resolving the remaining bad faith cause of action. "The key to a bad faith claim is whether or not the insurer's denial of coverage was reasonable." *Guebara v. Allstate Ins. Co*., 237 F.3d 987, 992 (9th Cir. 2001). Thus, evidence of Hallmark's handling of *DeSoto* is relevant, while the parties'

---

[1] Curiously, Hallmark failed to raise this claim in its motion for reconsideration of the Court's summary judgment issue.

subjective belief or speculation as to whether coverage existed is not. *Accord Morris v. Paul Revere Life Ins. Co.,* (2003) 109 Cal.App.4th 966, 973 (rejecting inquiry into the insurer's subjective understanding in assessing bad faith).

Likewise, the Interrogatory Response is irrelevant to the bad faith claim, as it not even been drafted by the time Hallmark denied coverage for *DeSoto* and formed no basis for Hallmark's decisions.

### B. The Duty to Indemnify is Not at Issue

Hallmark now contends that this material is relevant, now first asserting that the Court did not resolve the breach of contract claim, and that the duty to indemnify must still be adjudicated. Wagner Decl., ¶ 4. This assertion is baseless. The damages in issues are Oxnard's fees and costs it incurred in defending and settling the *DeSoto* suit, both of which arose from Hallmark's breach of the duty to defend. *Emerald Bay Community Ass'n. v. Golden Eagle Ins. Corp.,* 130 Cal.App.4th 1078, 1088-89 (2005); *Cathay Mortuary (Wah Sang) Inc. v. United Pacific Ins. Co*., 582 F. Supp. 650, 660 (N.D. Cal. 1984) ("[A]n insurer who wrongfully refuses to defend is also liable for the amount of any reasonable settlement that the insured makes in good faith."); *Riverbank Holding Co. v. N.H. Ins. Co*., 2012 WL 4748047, No. 2:11-cv-02681-WBS-GGH, at *4 (E.D. Cal. Oct. 3, 2012) (collecting cases). Since Oxnard's damages do not stem from a breach of the duty to indemnify, there never was anything for the Court to resolve on this issue. This likely why Hallmark never advanced its current contention at summary judgment or even when seeking reconsideration of summary judgment.

### C. Admitting Irrelevant Evidence or Argument on Whether the 17/18 Policy Provided Coverage for DeSoto Will Create a Risk of Confusion

Even if argument and evidence on the existence of coverage under the 17/18 Policy had *any* probative value, and it does not, the risk of confusion it creates is far greater. Allowing argument and evidence about the parties' subjective beliefs about whether the 17/18 Policy provided coverage for *DeSoto* is likely to confuse the jury into incorrectly believing that they may consider this speculation when evaluating whether Hallmark acted in bad faith in denying coverage, and may lead them to believe that they may consider irrelevant evidence. The cure for such is to exclude such argument and evidence altogether.

## IV. CONCLUSION

For the foregoing reasons, the Court should exclude all argument and evidence related to whether coverage for *DeSoto* existed under the 17/18 Policy. This evidence is irrelevant to any issue in dispute and can only lead to jury confusion.

DATED: March 13, 2024                    THE WAGNER FIRM

By: */s/ Avi Wagner*
Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email:      avi@thewagnerfirm.com

*Attorneys for Plaintiff Oxnard Manor LP dba Oxnard Manor Health Center*