Avi Wagner (SBN #226688)
Jennifer N. Hinds (SBN #301804)
THE WAGNER FIRM
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 491-7949
Facsimile:   (310) 694-3967
Email:        avi@thewagnerfirm.com

*Attorneys for Plaintiff Oxnard Manor LP
dba Oxnard Manor Health Center*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oxnard Manor LP dba Oxnard Manor Health Center, a California Limited Partnership,<br><br>Plaintiff,<br><br>vs.<br><br>Hallmark Specialty Insurance Company, an Oklahoma Corporation, and DOES 1-100,<br><br>Defendant(s). | Case No.: 2:23-cv-01322-SPG-MAR (Removed from Los Angeles County Superior Court, Case No. 23STCV02077)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 (EXCLUDE ARGUMENT OR INFERENCE RE: REDACTED OR WITHHELD PRIVILEGED MATERIALS EVIDENCE A REASONABLE INVESTIGATION BY HALLMARK AND ITS COUNSEL); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date: April 10, 2024**<br>**Time: 3:00 p.m.**<br><br>Original Complaint Filed: 2/6/23<br>Removal: 2/22/23<br>Trial: 4/30/24 |

TO THE COURT AND ALL PARTIES:

Please take notice that on April 10, 2024 at 3:00 p.m. in Courtroom 5C of the above-captioned Court, located at 350 W. 1st St., Los Angeles, CA 90012, before the Honorable United States District Judge Sherilyn Peace-Garnett, Plaintiff Oxnard Manor, L.P. ("Oxnard") will and hereby does move this Court for an Order excluding any argument or inference that the materials that Hallmark redacted or withheld as privileged evidence a reasonable coverage investigation by Hallmark and its counsel.

This Motion is based upon this Notice of Motion; the supporting Memorandum of Points and Authorities; the Declaration of Avi Wagner in support, all other pleadings and papers on file with the Court in this action, and any other such evidence or oral argument that may be presented at or before the hearing.

Dated: March 13, 2024

THE WAGNER FIRM

By: */s/ Avi Wagner*

Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com

Attorney for Plaintiff

# I.   INTRODUCTION

Plaintiff Oxnard Manor, L.P ("Oxnard") moves to exclude all argument or inferences that the materials that Hallmark redacted or withheld as privileged evidence a reasonable coverage investigation by Hallmark and its counsel.  Hallmark has disclaimed reliance on the advice of counsel as an affirmative defense; it may not now claim that these withheld documents contain evidence of its reasonableness.

# II.   RELEVANT FACTS

## A.   The *DeSoto* Action and Hallmark's Denial of Coverage

On October 24, 2018 the heirs of deceased Oxnard resident Kathleen DeSoto filed a lawsuit against Oxnard ("*DeSoto*") arising from Ms. DeSoto's December 2017 alleged fall and subsequent death.  Court's Order on Summary Judgment, Docket Entry ("D.E.")   68, at 4:3-14.   In December 2017 Oxnard held a Long-Term Care Organization Insurance Policy, Policy No. 75LTP000118 (Eff. 06/01/17-06/01/18) (the "17/18 Policy") issued by Hallmark.  *Id.* at 2:5-10.  Oxnard timely tendered *DeSoto* to Hallmark on October 25, 2018.  *Id.* at p. 5:8-9.  On February 4, 2019 Hallmark denied coverage for *DeSoto*.  *Id.* at p. 5:16-18.

## B.   Hallmark's Litigation Position in this Action

Oxnard filed this action in February 2023 alleging causes of action against Hallmark for *inter alia*, breach of contract and bad faith.  Hallmark filed two answers, and did not assert the affirmative defense of "advice of counsel" to the bad faith cause of action in either.  *See generally* D.E. 1, Ex. B and D.E. 37.

Hallmark also explicitly disclaimed reliance on this affirmative defense in its discovery responses.  D.E. 62-12, JAE 47, p.22; Hallmark's July 21, 2023 Amended

Responses to Interrogatories, Set One, Interrogatory 11.  Hallmark also redacted or declined to produce numerous documents related to *DeSoto* based on claims of attorney-client or work-product privilege.  *See* D.E. 68, p. 20:3-13; D.E. 62-13, JAE 50, Hallmark's August 22, 2023 Privilege Log.  Its Rule 30(b)(6) designee declined to answer questions about the materials over which it asserted privilege.  Declaration of Avi Wagner in Support of Motions in Limine ("Wagner Decl."), Ex. C, Excerpt of Deposition Transcript of Terry Kelly, pp. 66:6-67:15; 69:19-70:12.  Yet curiously, both that designee and Hallmark's expert have described its claim investigation as "reasonable."  Supplemental Declaration of Terry Kelly, D.E. 62-14, JAE 65, ¶ 9; Expert Report of Burl Daniel, D.E. 74-1, pp. 11, 18.

Counsel for Oxnard and Hallmark met and conferred on this motion prior to filing.  Wagner Decl., ¶ 3.

## III.  ARGUMENT

### A.  Hallmark May Not Withhold Documents as Privileged While Arguing That They Evidence Reasonable Handling of *DeSoto*

Hallmark has elected to withhold numerous materials related to its handling of *DeSoto* based on its assertion of the attorney-client privilege and work product protection.  To allow them to present argument or evidence that these withheld materials evidence reasonable behavior or thoroughness in investigating and handing *DeSoto* would be an impermissible use of this privilege as both as a sword and a shield.

"The privilege which protects attorney-client communications may not be used both as a sword and a shield."  *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992).  "In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless

it has access to the privileged materials." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003). Here, by asserting attorney-client privilege over the bulk of its claim investigation, Hallmark must be precluded from commenting about the sufficiency of the very same investigation. *See Olvera v. County of Sacramento*, 2012 WL 273158, CIV. 10-550 WBS CKD, at *1 (E.D. Cal. Jan. 30, 2012) ("Defendants cannot both claim that the decisionmaking process was reasonable and took into consideration the allegedly exculpatory evidence and prevent plaintiffs from investigating how this decision was made."). This includes offering testimony that summarizes or characterizes these materials without placing them before the Court, as Terry Kelly's testimony appears to do. *See* Motion *in Limine* 3.

The court's decision in *Phelps v. MC Communications*, No. 2:11-cv-00423-PMP-VCF, 2013 WL 3944268 (D. Nev. July 22, 2013) is instructive. There, in defending against the Fair Labor Standards Act ("FLSA") claims, the defendants raised two key defenses: (1) that they "had a good faith and reasonable belief that [they] had compensated plaintiff in accordance with the FLSA," and that "any alleged violation of the FLSA was not willful." *Id.* at *13. Although defendants conceded to having discussed the subject of the FLSA with their attorneys, they blocked discovery regarding those communications, arguing that privilege had not been waived because they did not expressly assert an advice of counsel. *Id.* at *16. The court disagreed, finding their defenses had placed the communications at issue. *Id.* at *19. Here, by contrast, Hallmark never asserted a defense implicating advice of counsel and expressly disclaimed that defense. It likewise successfully asserted privilege in discovery. Having enjoyed the benefits of this disclaimer and privilege assertion, it must now bear the consequences of not being allowed to use privilege as both a sword

4

and shield.   Thus, Hallmark may not contend that materials withheld pursuant to attorney-client or work-product privilege evidence reasonable handling of *DeSoto*.

## IV.   CONCLUSION

For the foregoing reasons, the Court should exclude all argument or inferences that the materials that Hallmark redacted or withheld as privileged evidence a reasonable claim investigation/claim handling by Hallmark and its counsel as such an argument would constitute a belatedly prejudicial waiver of such asserted privileges.


DATED: March 13, 2024                    THE WAGNER FIRM


                                         By:*/s/ Avi Wagner*_____
                                         Avi Wagner
                                         1925 Century Park East, Suite 2100
                                         Los Angeles, California 90067
                                         Telephone:   (310) 491-7949
                                         Facsimile:   (310) 694-3967
                                         Email:       avi@thewagnerfirm.com

                                         *Attorneys for Plaintiff Oxnard Manor LP dba*
                                         *Oxnard Manor Health Center*