Avi Wagner (SBN #226688)
Jennifer N. Hinds (SBN #301804)
THE WAGNER FIRM
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 491-7949
Facsimile:   (310) 694-3967
Email:         avi@thewagnerfirm.com

*Attorneys for Plaintiff Oxnard Manor LP dba Oxnard Manor Health Center*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oxnard Manor LP dba Oxnard Manor Health Center, a California Limited Partnership,<br><br>             Plaintiff,<br><br>      vs.<br><br>Hallmark Specialty Insurance Company, an Oklahoma Corporation, and DOES 1-100,<br><br>             Defendant(s). | Case No.: 2:23-cv-01322-SPG-MAR<br>(Removed from Los Angeles County Superior Court, Case No. 23STCV02077)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 (EXCLUDE TERRY KELLY TESTIMONY ON HALLMARK'S HANDLING OF *DESOTO*); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date: April 10, 2024**<br>**Time: 3:00 p.m.**<br><br>Original Complaint Filed: 2/6/23<br>Removal: 2/22/23<br>Trial: 4/30/24 |

TO THE COURT AND ALL PARTIES:

Please take notice that on April 10, 2024 at 3:00 p.m. in Courtroom 5C of the above-captioned Court, located at 350 W. 1st St., Los Angeles, CA 90012, before the Honorable United States District Judge Sherilyn Peace-Garnett, Plaintiff Oxnard Manor, L.P. ("Oxnard") will and hereby does move this Court for an Order excluding the testimony of Terry Kelly on defendant Hallmark Specialty Insurance Company's ("Hallmark's") handling of the *DeSoto* claim as lacking foundation, having no probative value, and creating a risk of unfair prejudice and jury confusion.

This Motion is based upon this Notice of Motion; the supporting Memorandum of Points and Authorities; the Declaration of Avi Wagner in support, all other pleadings and papers on file with the Court in this action, and any other such evidence or oral argument that may be presented at or before the hearing.

Dated: March 13, 2024   THE WAGNER FIRM

By: */s/ Avi Wagner*

Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com

Attorney for Plaintiff

## I.  INTRODUCTION

Plaintiff Oxnard Manor, L.P ("Oxnard") moves to exclude testimony of Terry Kelly on defendant Hallmark Specialty Insurance Company's ("Hallmark's") handling of the *DeSoto* claim as lacking foundation, having no probative value, and creating a risk of unfair prejudice and jury confusion.

## II.  RELEVANT FACTS

### A.  The *DeSoto* Action and Hallmark's Denial of Coverage

On October 24, 2018 the heirs of deceased Oxnard resident Kathleen DeSoto filed a lawsuit against Oxnard ("*DeSoto*") arising from Ms. DeSoto's December 2017 alleged fall and subsequent death.  Court's Order on Summary Judgment, Dockt Entry ("D.E.")  68, at 4:3-14.  In December 2017 Oxnard held a Long-Term Care Organization Insurance Policy, Policy No. 75LTP000118 (Eff. 06/01/17-06/01/18) (the "17/18 Policy") issued by Hallmark.  *Id*. at 2:5-10.  Oxnard timely tendered *DeSoto* to Hallmark on October 25, 2018.  *Id*. at p. 5:8-9.  On February 4, 2019 Hallmark denied coverage for *DeSoto*.  *Id*. at p. 5:16-18.

### B.  Terry Kelly Obtains Information About Hallmark's Handling of *DeSoto* After His 2022 Hiring

Mr. Kelly started working at Hallmark in May 2022, more than three years after Hallmark denied coverage for *DeSoto*.  Excerpt of Transcript of Deposition of Hallmark Rule 30(b)(6) Designee Terry Kelly, D.E. 62-11, JAE 37, pp. 7:1-11, 8:6-11.  He was not personally involved in Hallmark's handling of *DeSoto* during 2018 and 2019 (or at any time before 2022).  *Id*., p. 9:10-14.  At deposition, he stated that he became familiar with Hallmark's treatment of *DeSoto* through discussions with

counsel and reviewing the claim file. *Id.*, 9:15-10:03. Yet this review of documents did not provide him with basic information such as to whether Hallmark ever terminated Lewis Brisbois in the *DeSoto* defense. *Id.* at 126:20-127:22. Kelly also produced a declaration containing statements and conclusions about Hallmark's handling of *DeSoto* that do not appear in the claim file or any other material produced in this action. *See* D.E. 62-14, Supplemental Declaration of Terry Kelly, JAE 65. As noted in Motion *in Limine* 3, Hallmark has declined to produce or redacted numerous documents in the *DeSoto* claim file based on attorney-client and work-product privilege.

Counsel for Oxnard and Hallmark met and conferred on this motion prior to filing. Declaration of Avi Wagner in Support of Motions in Limine ("Wagner Decl."), ¶ 3.

### III.   ARGUMENT

#### A. Kelly's Testimony on Hallmark's Handling of *DeSoto* Lacks Appropriate Foundation

Kelly's testimony lacks appropriate foundation, as Kelly lacks personal knowledge and instead relies largely on hearsay and withheld communications. A witness may not testify about any matter unless "evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Federal Rule of Evidence 701 provides that a lay witness may only offer testimony in the form of an opinion limited to one: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. "[A] lay

opinion witness 'may not testify based on speculation, rely on hearsay or interpret unambiguous, clear statements.'" *United States v. Lloyd,* 807 F.3d 1128, 1154 (9th Cir. 2015).

Mr. Kelly's testimony as to Hallmark's handling of the *DeSoto* claim is not based on his own observation, but rather inadmissible hearsay and/or communications that have been substantially redacted based on assertions of privilege.  Federal Rule of Evidence 801; *see Motion in Limine* 3.  Documents that Kelly has no personal knowledge of, are not before the Court, and/or out of court conversations with counsel do not amount to personal knowledge of an investigation that purportedly occurred years before Mr. Kelly's employment with Hallmark.  *United States v. Gadson*, 763 F.3d 1189, 1211 (9th Cir. 2014) ("lay opinion testimony may not convey or rely on hearsay, because it is not helpful to the jury.").  And since any testimony by Kelly about the alleged steps taken by Hallmark in handling *DeSoto* lack foundation and probative value, any claimed opinions that may flow from Kelly's second-hand and third-hand observations about Hallmark's actions are also inadmissible.

### B. The Risk of Confusion and Unfair Prejudice Created by Admitting Kelly's Testimony Far Outweigh Any Probative Value

Kelly's testimony about Hallmark's handling of *DeSoto* lacks probative value because it is not based on his own observations, but inadmissible hearsay that occurred years after the purported investigation of *DeSoto* was completed.  The Court should thus exclude this testimony.

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence. Federal Rule of Evidence 403. Admitting this evidence would create a risk of misleading the jury into believing that it may treat the underlying hearsay as true; and confusing Kelly's unsubstantiated statements about Hallmark's investigation for what actually occurred.

## IV. CONCLUSION

For the foregoing reasons, the Court should all testimony of Terry Kelly on Hallmark's handling of the *DeSoto* claim as lacking foundation, having no probative value, and creating a risk of unfair prejudice and misleading the jury.

DATED: March 13, 2024                THE WAGNER FIRM

By:*/s/ Avi Wagner*
Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email:        avi@thewagnerfirm.com

*Attorneys for Plaintiff Oxnard Manor LP dba Oxnard Manor Health Center*