Avi Wagner (SBN #226688)
Jennifer N. Hinds (SBN #301804)
THE WAGNER FIRM
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email:     avi@thewagnerfirm.com

*Attorneys for Plaintiff Oxnard Manor LP
dba Oxnard Manor Health Center*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oxnard Manor LP dba Oxnard Manor Health Center, a California Limited Partnership,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>Hallmark Specialty Insurance Company, an Oklahoma Corporation, and DOES 1-100,<br><br>　　　　　　　Defendant(s). | Case No.: 2:23-cv-01322-SPG-MAR<br>(Removed from Los Angeles County Superior Court, Case No. 23STCV02077)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 5 (EXCLUDE NON-REBUTTAL TESTIMONY OF REBUTTAL EXPERT BURL DANIEL); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date: April 10, 2024**<br>**Time: 3:00 p.m.**<br><br>Original Complaint Filed: 2/6/23<br>Removal: 2/22/23<br>Trial: 4/30/24 |

TO THE COURT AND ALL PARTIES:

Please take notice that on April 10, 2024 at 3:00 p.m. in Courtroom 5C of the above-captioned Court, located at 350 W. 1st St., Los Angeles, CA 90012, before the Honorable United States District Judge Sherilyn Peace-Garnett, Plaintiff Oxnard Manor, L.P. ("Oxnard") will and hereby does move this Court for an Order to exclude non-rebuttal testimony of rebuttal expert Burl Daniel.

This Motion is based upon this Notice of Motion; the supporting Memorandum of Points and Authorities; the Declaration of Avi Wagner in support, all other pleadings and papers on file with the Court in this action, and any other such evidence or oral argument that may be presented at or before the hearing.

Dated: March 13, 2024              THE WAGNER FIRM

By: */s/ Avi Wagner*

Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com

Attorney for Plaintiff

## I. INTRODUCTION

Plaintiff Oxnard Manor, L.P ("Oxnard") moves to exclude improper non-rebuttal testimony of Hallmark Specialty Insurance Company's ("Hallmark's") rebuttal witness Burl Daniel.

## II. RELEVANT FACTS

### A. The *DeSoto* Action and Hallmark's Denial of Coverage

On October 24, 2018 the heirs of deceased Oxnard resident Kathleen DeSoto filed a lawsuit against Oxnard ("*DeSoto*") arising from Ms. DeSoto's December 2017 alleged fall and subsequent death. Court's Order on Summary Judgment, Docket Entry ("D.E.") 68, at 4:3-14. In December 2017 Oxnard held a Long-Term Care Organization Insurance Policy, Policy No. 75LTP000118 (Eff. 06/01/17-06/01/18) (the "Policy") issued by Hallmark. *Id*. at 2:5-10. Oxnard timely tendered *DeSoto* to Hallmark on October 25, 2018. *Id*. at p. 5:8-9. On February 4, 2019 Hallmark denied coverage for *DeSoto*. *Id*. at p. 5:16-18.

### B. The Expert Reports

Oxnard designated expert witness Barry Zalma to testify on insurance coverage and claims handling practices and to offer opinion on whether Hallmark satisfied insurance industry standards and practices, including those set out in its own "Best Practices for Healthcare Claims" in handling *DeSoto*. Zalma Report, D.E. 74-1, Ex. E, p. 1:3-14. The Zalma Report does not reference Oxnard's application for the Policy. *See generally, id.*

Hallmark did not designate any expert to offer primary opinions in support of the claims and defenses. Rather, it designated Daniel as its rebuttal witness to rebut

the report and testimony of Zalma.  Expert Report of Burl Daniel ("Daniel Report"), Docket Entry ("D.E.") 74-1, Ex. A.

However, the Daniel Report addresses issues that do not appear in the Zalma Report. The report's "overview" discusses Oxnard's insurance application, and those of other skilled nursing facilities. D.E. 74-1, Ex. A, p. 7. Daniel opines on purported warranties made in those applications, and how they may serve as grounds to void the Policy from inception. *Id*.  This discussion does not rebut anything in the Zalma Report, which does not address warranties or the possibility that the Policy is void. *See generally* Ex. E, Zalma Report.

After the experts filed their reports, the Court granted summary judgment in Oxnard's favor on it breach of contract claim, leaving its bad faith cause of action as the only remaining claim.  Daniel's testimony on the Policy application and its purported implications has no relevance to this lone remaining claim. D.E. 68, p. 24:11-22.

Counsel for Oxnard and Hallmark met and conferred on this motion prior to filing.  Declaration of Avi Wagner in Support of Motions in Limine ("Wagner Decl."), ¶ 3.

### III.  ARGUMENT

The Court should exclude Daniel's opinions in their entirety, as detailed in Oxnard's *Daubert* motion, D.E. 74.  If the Court declines to do so, it should, at a minimum, exclude his non-rebuttal opinions, couched as fact, about Oxnard's insurance application. A rebuttal expert is one whose testimony is intended "solely to contradict or rebut evidence on the same subject matter identified by an initial expert witness". Fed. R. Civ. P. 26(a)(2)(D)(ii). Thus, their testimony must contradict or rebut

evidence or theories of the opposing expert witness. *See Optronic Techs., Inc. v. Ningbo Sunny Elec. Co*., 2019 WL 4780183, at *6 (N.D. Cal. Sept. 30, 2019); *Bakst v. Cmty. Mem'l Health Sys., Inc*., 2011 WL 13214315, at *34 (C.D. Cal. Mar. 7, 2011) ("[S]upplemental or 'rebuttal' experts, therefore, 'cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts.'")

Though styled as a rebuttal expert, Daniel opines on certain warranties supposedly made in Oxnard's insurance application, and how they purportedly serve to void the policy from inception. D.E. 74-1, Ex. A, pp. 6-7. This speculation is irrelevant to the question of Hallmark's good faith and does not rebut anything in Zalma's report, which does not discuss warranties or voiding of the policy at all. *See, generally* D.E. 74-1, Ex. E. Thus, this is improper rebuttal testimony and the Court should exclude it.

## IV.    CONCLUSION

For the foregoing reasons, the Court should exclude rebuttal expert Burl Daniel's opinions that do not rebut anything in the Zalma Report, as they exceed the permissible scope of rebuttal testimony.

DATED: March 13, 2024                    THE WAGNER FIRM

By:*/s/ Avi Wagner*
Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email:       avi@thewagnerfirm.com

4

*Attorneys for Plaintiff Oxnard Manor LP dba Oxnard Manor Health Center*