Avi Wagner (SBN #226688)
Jennifer N. Hinds (SBN #301804)
THE WAGNER FIRM
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com

*Attorneys for Plaintiff Oxnard Manor LP
dba Oxnard Manor Health Center*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oxnard Manor LP dba Oxnard Manor Health Center, a California Limited Partnership,<br><br>                Plaintiff,<br><br>  vs.<br><br>Hallmark Specialty Insurance Company, an Oklahoma Corporation, and DOES 1-100,<br><br>                Defendant(s). | Case No.: 2:23-cv-01322-SPG-MAR<br>(Removed from Los Angeles County Superior Court, Case No. 23STCV02077)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO BIFURCATE PUNITIVE DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date: April 10, 2024**<br>**Time: 3:00 p.m.**<br><br>Original Complaint Filed: 2/6/23<br>Removal: 2/22/23<br>Trial: 4/30/24 |

TO THE COURT AND ALL PARTIES:

Please take notice that on April 10, 2024 at 3:00 p.m. in Courtroom 5C of the above-captioned Court, located at 350 W. 1st St., Los Angeles, CA 90012, before the Honorable United States District Judge Sherilyn Peace-Garnett, Plaintiff Oxnard Manor, L.P. ("Oxnard") will and hereby does move this Court for an Order to bifurcate the issue of punitive damages at trial.

This Motion is based upon this Notice of Motion; the supporting Memorandum of Points and Authorities; the Declaration of Avi Wagner in support, all other pleadings and papers on file with the Court in this action, and any other such evidence or oral argument that may be presented at or before the hearing.

| | |
|---|---|
| Dated: March 13, 2024 | THE WAGNER FIRM |
| | By: */s/ Avi Wagner* |
| | Avi Wagner<br>1925 Century Park East, Suite 2100<br>Los Angeles, California 90067<br>Telephone: (310) 491-7949<br>Facsimile: (310) 694-3967<br>Email: avi@thewagnerfirm.com |
| | Attorney for Plaintiff |

## I.  INTRODUCTION

Plaintiff Oxnard Manor, L.P ("Oxnard") moves to bifurcate the trial into two phases: (1) liability and compensatory damages; and (2) punitive damages.

## II.  RELEVANT FACTS

### A.  The *DeSoto* Action and Hallmark's Denial of Coverage

On October 24, 2018 the heirs of deceased Oxnard resident Kathleen DeSoto filed a lawsuit against Oxnard ("*DeSoto*") arising from Ms. DeSoto's December 2017 alleged fall and subsequent death.  Court's Order on Summary Judgment, Docket Entry ("D.E.")  68, at 4:3-14.  In December 2017 Oxnard held a Long-Term Care Organization Insurance Policy, Policy No. 75LTP000118 (Eff. 06/01/17-06/01/18) (the "Policy") issued by Hallmark.  *Id*. at 2:5-10.  Oxnard timely tendered *DeSoto* to Hallmark on October 25, 2018.  *Id*. at p. 5:8-9.  On February 4, 2019 Hallmark denied coverage for *DeSoto*.  *Id*. at p. 5:16-18.

### B.  The Instant Action and Remaining Issues to Be Resolved

In February 2023, Oxnard filed this action against Hallmark alleging causes of action for, *inter alia*, breach of the 17/18 Policy and bad faith.  First Amended Complaint, D.E. 32.  Oxnard sought the attorneys' fees and costs "reasonably necessary and incurred by Plaintiff in order to obtain the Policies' benefits" and punitive damages on its bad faith claim.  *Id*. at ¶¶ 96-97.

On December 21, 2023, the Court granted Oxnard summary judgment on breach of the 17/18 Policy, leaving the bad faith claim as the only remaining claim to be adjudicated.  D.E. 68, p. 18:8-14, 24:11-21.  The Court further rejected Hallmark's

request for summary judgment on the issue of punitive damages, allowing Oxnard to pursue them at trial. *Id.* at p. 21, fn. 10.

### C. Oxnard's Damages and Evidence on Punitive Damages at Trial

Oxnard's damages on the breach of the 17/18 Policy will be approximately $750,000. If Oxnard prevails on the bad faith claim, it will seek its attorneys' fees incurred in obtaining policy benefits, which, including pre-judgment interest, may be up to one-third of its breach of contract damages.

Oxnard intends to present evidence at trial that is relevant solely to the issue of punitive damages, as indicated in the concurrently filed Joint Exhibit List. This includes documentary evidence, including certain portions of Securities and Exchange Commission filings, and testimony on Hallmark's financial condition and of Oxnard's financial condition at the time *DeSoto* was litigated and settled. *See, e.g.* Hallmark Financial Services, Inc., 10-Q, (Nov. 14, 2023), *available at* https://rb.gy/nts3g6; National Association of Insurance Commissioners, 2022 Company Overview for Hallmark Specialty Insurance Company, *available at* https://rb.gy/yo42m7 (last visited Mar. 13, 2024).

Counsel for Oxnard and Hallmark met and conferred on this motion prior to filing. Declaration of Avi Wagner in Support of Motions in Limine ("Wagner Decl."), ¶¶ 3, 5. Hallmark's counsel indicated that they do not oppose bifurcating punitive damages from liability, but further proposed separate bench trials for certain bad faith and coverage issues, which Oxnard does not believe is necessary or appropriate. *Id*

### III.   ARGUMENT

It is appropriate to bifurcate punitive damages from the liability and compensatory damages phase of the trial, as it will conserve judicial resources and minimize jury confusion.  Rule 42(b) "confers broad discretion upon the district court to bifurcate at trial, thereby deferring costly and possibly unnecessary proceedings." *Hangarter v. Provident Life and Acc. Ins.* Co., 373 F.3d 998, 1021 (9th Cir. 2004).  In determining whether to bifurcate, the Court may consider such factors as potential prejudice to the parties, jury confusion, convenience and judicial economy. *See, e.g.*, *Green v. Baca*, 226 F.R.D. 624, 630 (C.D. Cal. 2005).  These factors militate in favor of bifurcation.

First, bifurcating this issue will not prejudice either party.  Rather, it will be more convenient for both parties and the Court, if the jury receives argument, evidence and jury instructions on punitive damages only if it finds liability on the bad faith claim.  The evidence that Oxnard will present on punitive damages is not relevant to resolving its bad faith claim, so it will be unnecessary to present it unless the jury finds Hallmark liable for bad faith.  The Court should thus bifurcate punitive damages. *Romero v. S. Schwab Co.*, No. 15-CV-815-GPC-MDD, at *8 (S.D. Cal. Nov. 14, 2017) (bifurcating punitive damages where financial records presented to prove punitive damages were irrelevant to liability).

Second, absent bifurcation, the nature of Oxnard's damages creates a risk of jury confusion in determining the appropriate amount of punitive damages.  Oxnard's bad faith damages include attorneys' fees, called *Brandt* fees, based on the leading California case authorizing such fees as damages, *Brandt v. Superior Court*, 37 Cal.3d 813 (1985).  These "fees are considered damages, [and], 'the determination of the

4

recoverable fees must be made by the trier of fact unless the parties stipulate otherwise.'" *Kim v. Scottsdale Ins. Co.*, 2:21-cv-02185-ODW (JPRx), at *17 (C.D. Cal. Sep. 16, 2022) (*quoting Brandt*, 37 Cal.3d at 819).

Since *Brandt* fees are considered compensatory damages for the purpose of making a punitive damages award, the jury should assign (or be provided by the Court with) this value before determining an appropriate award of punitive damages. *See Nickerson v. Stonebridge Life Insurance Co.*, 5 Cal.App.5th 1, 8 (2016) (noting that "*Brandt* fees should be included as compensatory damages in the [punitive damages] ratio calculation, irrespective of whether such fees were awarded by the trial court or the jury"); *cf.* Manual Model of Civil Jury Instructions for the Ninth Circuit, Section 5.5 ("In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.") Bifurcating punitive damages would allow the jury to focus on *Brandt* fees independently rather than try to simultaneously assign values to *Brandt* fees and punitive damages.

## IV.    CONCLUSION

For the foregoing reasons, the Court should bifurcate the trial into two phases: (1) liability and compensatory damages; and (2) punitive damages.

DATED: March 13, 2024                THE WAGNER FIRM

By: */s/ Avi Wagner*
Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 491-7949
Facsimile:   (310) 694-3967
Email:         avi@thewagnerfirm.com

5

1
2          *Attorneys for Plaintiff Oxnard Manor LP dba*
           *Oxnard Manor Health Center*
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S MOTION TO BIFURCATE