Avi Wagner (SBN #226688)
Jennifer N. Hinds (SBN #301804)
THE WAGNER FIRM
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 491-7949
Facsimile:   (310) 694-3967
Email:         avi@thewagnerfirm.com

*Attorneys for Plaintiff Oxnard Manor LP*
*dba Oxnard Manor Health Center*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oxnard Manor LP dba Oxnard Manor Health Center, a California Limited Partnership,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Hallmark Specialty Insurance Company, an Oklahoma Corporation, and DOES 1-100,<br><br>　　　　　　　　Defendant(s). | Case No.: 2:23-cv-01322-SPG-MAR<br>(Removed from Los Angeles County Superior Court, Case No. 23STCV02077)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1**<br><br>**Date: April 10, 2024**<br>**Time: 3:00 p.m.**<br><br>Original Complaint Filed: 2/6/23<br>Removal: 2/22/23<br>Trial: 4/30/24 |

0

## I.   INTRODUCTION

Defendant's Hallmark Specialty Insurance Company's ("Hallmark's") Motion in Limine 1 to "Preclude All Argument, Testimony, Mention, And Evidence By Plaintiff Of Defendant's Assertion Of The Attorney-Client And Work Product Privileges Along With All Protected Material" ("MiL 1") seeks to shield from the jury essentially all aspects of Hallmark's handling of *DeSoto*, while simultaneously allowing Terry Kelly to testify that, based on these privileged communications, Hallmark's conduct was reasonable.  Hallmark thus pursues an impermissible sword and shield application of the attorney-client privilege, as discussed in Oxnard's MiLs 3 and 4.  Since Hallmark was obligated to investigate *DeSoto*, excluding the evidence of this investigation, including reference to withheld materials, would severely prejudice Oxnard's ability to prove its bad faith claim.

Plaintiff Oxnard Manor ("Oxnard") agrees that there should be no adverse inference attached to Hallmark's assertion of privilege, and that the jury may receive instruction on this issue, but the Court should deny the balance of MiL 1.

## II.   RELEVANT FACTS

Hallmark has it both ways.  While seeking to exclude any reference by Oxnard to Hallmark's assertion of attorney-client privilege, Hallmark also intends to present testimony that directly relies on these privileged communications and their import.  Specifically, Hallmark intends to present the testimony of Terry Kelly on the issue of the reasonableness of Hallmark's handling of *DeSoto*.  Hallmark Witness List, Docket Entry ("D.E.") 102.  Kelly did not begin working at Hallmark until years after the

handling of *DeSoto*, and testified that he became familiar with Hallmark's handling of *DeSoto* in part through privileged "discussions with counsel". *See* Oxnard MiL 4, D.E. 96, 2:21-3:11.

## III.   ARGUMENT

### A.   Excluding All Reference to Hallmark's Assertion of Privilege Would Allow Hallmark to Use the Attorney-Client Privilege as Both Sword and Shield and Substantially Prejudice Oxnard

Hallmark relies on *McKesson Information Solutions, Inc. v. Bridge Medical, Inc.,* 434 F. Supp. 2d 810 (E.D. Cal. 2006), a patent case about willful infringement. In *McKesson*, the court applied Federal Circuit law to exclude reference to a plaintiff's decision to rely on attorney-client privilege in withholding an opinion of counsel it had obtained about the patent at issue. *Id.* at 811-12 (citing *Knorr-Bremse Systeme Fuer Nutzfahrzeuge Gmbh v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004).)

*McKesson* is inapposite. The plaintiff in that case had no obligation to obtain an opinion of counsel. Thus, excluding all reference to the plaintiff's assertion of privilege over the opinion was necessary to enjoin speculation as to why the privilege as asserted. *McKesson, supra* 434 F. Supp. 2d at 812. Here, by contrast, Hallmark had a duty to investigate *DeSoto*. *Harbison v. American Motorists Ins. Co.*, 636 F. Supp. 2d 1030, 1041 (E.D. Cal. 2009) ("The insurer's duty to protect the insured's interests obligates it to investigate a claim thoroughly.") Although it could have conducted the investigation itself, it chose to rely on counsel and now seeks to hide from the jury's view *all* documents redacted based on attorney-client privilege while simultaneously receiving

deference to its attorney's alleged investigation. These documents are the primary evidence of Hallmark's (limited) actions in handling *DeSoto*. Their exclusion would substantially prejudice Oxnard's ability to prove its bad faith claim, as it must show that Hallmark behaved unreasonably in refusing to defend *DeSoto*. CACI 2336. It cannot fairly be asked to demonstrate this if it cannot present any evidence of Hallmark's handling of the claim.

Compounding the unfairness of Hallmark's request, Hallmark plans to implicitly rely on these hidden documents when asserting that its conduct was reasonable. Terry Kelly's testimony on the reasonableness of Hallmark's handling of *DeSoto* is based in part on these confidential communications. *See, generally,* Oxnard MiL 4. This is in stark contrast to *McKesson*, where there was no indication that the party asserting privilege intended to rely on those privileged materials in giving testimony.

Hallmark's request to use the attorney-client privilege to shield its conduct from both discovery and admission while also relying on that hidden conduct to assert that it behaved reasonably is an abuse of the privilege. *See, generally* Oxnard MiL 3. The Court should deny MiL 1 to the extent it seeks to bar Oxnard from admitting redacted documents, Hallmark's privilege log, or any statement that Hallmark has asserted attorney-client privilege over certain materials in this action.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny MiL 1.

DATED: March 27, 2024                    THE WAGNER FIRM

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE 1

|     |                                                      |
| --- | ---------------------------------------------------- |
| 1   |                                                      |
| 2   | By:*/s/ Avi Wagner*                                  |
| 3   | Avi Wagner                                           |
| 4   | 1925 Century Park East, Suite 2100                   |
| 5   | Los Angeles, California 90067                        |
|     | Telephone:   (310) 491-7949                          |
| 6   | Facsimile:    (310) 694-3967                         |
|     | Email:           avi@thewagnerfirm.com               |
| 7   |                                                      |
| 8   | *Attorneys for Plaintiff Oxnard Manor LP dba*        |
|     | *Oxnard Manor Health Center*                         |

4

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE 1