Avi Wagner (SBN #226688)
Jennifer N. Hinds (SBN #301804)
THE WAGNER FIRM
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com

*Attorneys for Plaintiff Oxnard Manor LP dba Oxnard Manor Health Center*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oxnard Manor LP dba Oxnard Manor Health Center, a California Limited Partnership,<br><br>Plaintiff,<br><br>vs.<br><br>Hallmark Specialty Insurance Company, an Oklahoma Corporation, and DOES 1-100,<br><br>Defendant(s). | Case No.: 2:23-cv-01322-SPG-MAR<br>(Removed from Los Angeles County Superior Court, Case No. 23STCV02077)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 3**<br><br>**Date: April 10, 2024**<br>**Time: 3:00 p.m.**<br><br>Original Complaint Filed: 2/6/23<br>Removal: 2/22/23<br>Trial: 4/30/24 |

0

## I.   INTRODUCTION

Defendant's Hallmark Specialty Insurance Company's ("Hallmark's") Motion in Limine 3 to "Exclude All Irrelevant Argument, Testimony, Mention and Evidence" ("MiL 3") is actually ten motions in one, in a transparent attempt to circumvent the Court's requirement that each party file no more than five MiLs without seeking permission. The exclusions sought in paragraphs 4 through 10 should be denied on this basis alone.

But Hallmark has offered neither factual support nor legal authority for any of its contentions that supposedly mandate the exclusions of these ten types of evidence. Instead, it misstates the standards for what makes testimony relevant, such as claiming that a purported failure to communicate litigation and settlement actions during *DeSoto* renders those facts irrelevant to any issue in dispute. And although Oxnard has identified the matters about which each witness will testify, Hallmark seeks exclusion because they are purportedly unqualified *on matters which Oxnard will not seek testimony*. As Hallmark has provided the Court no basis on which to exclude any testimony, it should deny MiL 3 in full.

## II.   RELEVANT FACTS

Hallmark mischaracterizes Oxnard's prior initial disclosures and repeatedly ignores the content of its Witness List.

In its Initial Disclosures Oxnard identified Sean Cowdrey, Yalda Neil, and Casey Lee, as well as the topics about which they likely possess relevant knowledge.

Declaration of Joanne Wendell in Support of Motion in Limine 3, Docket Entry ("D.E.") 107-1, Ex. A Oxnard Manor Initial Disclosures, p. 3:3-3:11.

Like Oxnard, Hallmark also previously identified Yalda Neil as a witness, noting that she had knowledge of Oxnard, *DeSoto*, and damages. Hallmark Amended Initial Disclosures, D.E. 93-2, Ex. B, p. 3. Hallmark further identified Amanda Fioretti as a witness with knowledge of the underlying insurance policy. *Id*.

Though not identified in Oxnard's initial disclosures, Hallmark was aware of Rima Badawiya and documents she prepared in *DeSoto*, as it retained her as counsel in *DeSoto*. D.E. 68, Order on Motion for Summary Judgment, 5:10-13.

### III. ARGUMENT

#### A. Yalda Neil's Testimony is Relevant

In paragraph 1, Hallmark seeks to exclude testimony by Ms. Neil despite previously identifying her as a witness in this action. *See* Section II, *supra*. Ms. Neil's testimony is relevant to the following issues identified in Oxnard's Witness List:

> Provide foundation for documents and correspondence with Hallmark during the in relation to DeSoto claim; internal claims management by professional claims services provider to facility; knowledgeable about certain issues on defense and settlement of case

D.E. 90.

Hallmark argues that these matters are not relevant because Neil purportedly "never shared such knowledge with Hallmark at the relevant time". MiL 3, p. 1. Not so. Ms. Neil did communicate with Hallmark regarding the October 2019 mediation.

Declaration of Avi Wagner ("Wagner Decl."), Ex. 2, 2019 Mediation E-Mail Thread. Further, even if no communication had occurred, Hallmark offers no authority that a witness may not provide testimony on matters that it did not previously communicate to the insurer.

Hallmark further contends that Ms. Neil did not work for Oxnard's professional claims service provider, while conceding she works for Rockport Administrative Services ("RAS"). RAS is Oxnard's professional claims service provider. Wagner Decl., ¶ 5. Oxnard was not required to designate Ms. Neil as a Rule 30(b)(6) witness, as Hallmark never subpoenaed non-party RAS. *Id*. at ¶ 6.

Hallmark next argues that Ms. Neil may not testify as she was not disclosed as an expert; Oxnard has made clear that she will not provide expert testimony. Witness List, D.E. 91. Further, Oxnard does not intend to have Neil authenticate documents for which she lacks personal knowledge, but rather communications that she sent and received. Such testimony is admissible. Fed. R. Evid. 901, (b)(1). In short, Hallmark has provided the Court no basis for excluding any, let alone all, testimony by Yalda Neil.

**B.     Barry Kaye's Testimony is Relevant**

Oxnard responds to the bulk of Hallmark's paragraph 2 in its Opposition to Hallmark's Motion in Limine 2. The only additional basis for exclusion offered in Hallmark's MiL 3 is Oxnard's failure to identify Kaye in its Rule 26 disclosures. This does not warrant exclusion.

3

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE 3

Rule 26 "excludes evidence from an untimely disclosed witness unless the parties failure to disclose the required information is substantially justified or harmless." *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2006). Here, it is both. In determining whether a violation of the discovery deadline is harmless, the court should consider "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness in failing to make a timely disclosure." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). Oxnard identified Kaye as its Rule 30 (b)(6) designee by October 2023, when Hallmark conducted his deposition. Thus, Kaye's designation is not a surprise to Hallmark, who will suffer no prejudice due to this this purportedly untimely disclosure.

### C. Sean Cowdrey's Testimony is Relevant

Hallmark contends that Cowdrey's testimony is not relevant to the implied covenant of good faith and fair dealing because he was not disclosed as a legal or insurance expert. MiL 3, p. 2. It offers no authority for this position, and for good reason. Bad faith is "ordinarily a question of fact to be determined by a jury by considering the evidence of motive, intent and state of mind" *Chateau Chamberay Homeowners Assn. v. Associated Internat. Ins. Co*. (2001) 90 Cal.App.4th 335, 350. Thus, testimony of facts about Hallmark's conduct during the litigation and settlement of *DeSoto* is relevant to Oxnard's bad faith claim.

As with Neil, Hallmark also argues that Cowdrey's testimony is not relevant because he "never communicated with Hallmark during *DeSoto*" without offering any

authority that such communication is a pre-requisite for relevance. MiL 3, p. 2. And as with Neil, this is false, as Cowdrey's firm communicated with Hallmark regarding the October 2019 mediation. Wagner Decl., Ex. 3, September 19, 2019 Letter.

Notably, Hallmark does not dispute that Cowdrey's testimony providing foundation for *DeSoto* litigation documents is relevant. D.E. 91, Witness List. Hallmark has again provided the Court no basis on which to exclude any testimony of Sean Cowdrey. The Motion should be denied.

### D. MiL Paragraphs 4 Through 10 Should Be Denied as Exceeding the Court's Limitation on MiLs

Hallmark's MiL 3 to "Exclude All Irrelevant Argument, Testimony, Mention, and Evidence", which identifies *ten* categories of evidence to exclude, is properly considered as ten motions. *See* Hon. Sherilyn Peace Garnett, Standing Order on Civil Trials ("Standing Order"), Section II.B.2 ("Motions in limine should address specific issues (e.g., not "to exclude all hearsay"). This far exceeds the Court limit of five MiLs per side absent leave of Court. *Id*. In total, Hallmark has filed 12 MiLs; the Court should strike all MiLs in excess of five, beginning with paragraph 4 of MiL 3, which in reality is MiL 6. *Id*. ("The court may strike excessive or unvetted motions *in limine*.") Should the Court decline to strike these requests, Oxnard's opposition should be considered, as detailed below.

#### 1. MiL 6 (Paragraph 4): Rima Badawiya's Testimony is Relevant

Hallmark seeks to exclude testimony of Rima Badawiya as she did not appear in Oxnard's initial disclosures. Any failure to disclose, however, was both harmless and

5

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE 3

substantially justified, as Hallmark has been aware of Ms. Badawiya since the inception of *DeSoto*, as it retained her to represent Oxnard in that action. Thus, there is no surprise or prejudice to Hallmark due to this purportedly belated identification.

Hallmark contends that Badawiya's testimony is not relevant to the implied covenant of good faith and fair dealing because she was not disclosed as a legal or insurance expert. MiL 3, p. 2. As described in Section III. C, *supra,* bad faith is "ordinarily a question of fact to be determined by a jury by considering the evidence of motive, intent and state of mind" *Chateau Chamberay Homeowners Assn.*, *supra* Cal.App.4th at 350. Thus, testimony of facts on Hallmark's conduct during its assignment and withdrawal of counsel in *DeSoto* is relevant to bad faith. Hallmark is aware that Ms. Badawiya will not offer testimony on the settlement of *DeSoto*, so it is unclear why it seeks exclusion on that basis. D.E. 91, Witness List.

### 2. MiL 7 (Paragraph 5): Casey Lee Is Qualified to Testify on Payments Made by Oxnard

Lee is offered for the limited purpose of authenticating payments by Oxnard for the *DeSoto* settlement and to its attorneys in relation to *DeSoto* and this action. *Id*. As an employee of Oxnard's professional claims service provider RAS (*see* D.E. 107-1, 3:11-13), Lee can authenticate these payments. Hallmark's contention that Lee may not testify because she was not designated as Oxnard's Rule 30(b)(6) witness is meritless. Hallmark's arguments about Lee's knowledge about the implied covenant of good faith implies that it ignored Oxnard's Witness List, which makes clear that Lee is not offered for this purpose.

### 3. MiL 8 (Paragraph 6): Shun Tong's Limited Testimony is Admissible

Shun Tong is presented solely to describe the California Office of Statewide Health Planning and Development (OSHPD) Audited Long Term Care Facility Integrated Disclosure and Medi-Cal Cost Reports for Oxnard ("OSHPD Reports"), which are relevant to punitive damages. D.E. 90. These government records document Oxnard's financial condition before and after incurring the costs to litigate and settle *DeSoto*. Although he was not previously disclosed as a witness, the subject matter of his testimony is, and has been, public record for years, as the OSHPD Reports appear on a publicly available website. Further, the parties are still more than a month out from trial, allowing Hallmark to prepare to cross-examine Tung on this limited testimony. Thus, Hallmark will not suffer any prejudice by this late disclosure. The Court should deny the motion.

### 4. MiL 9 (Paragraph 7): Amanda Fioretti's Testimony is Relevant

First, Hallmark suffers no prejudice from Oxnard's failure to identify Ms. Fioretti in its initial disclosures, as Hallmark itself identified her. Hallmark Amended Initial Disclosures, D.E. 93-2, Ex. B,. 3:19-25.

Further, Hallmark knows that she is not offered to construe the language of the policy, so its objection on this point is moot. Ms. Fioretti can testify on the underwriting process of the policy, specifically whether Hallmark had opportunity to be aware of the *Foreman* action before issuing it. This is directly relevant to whether Hallmark's denial

of coverage of *DeSoto* based in its purported relatedness to *Foreman* was reasonable. The Motion should be denied.

### 5. MiL 10 (Paragraph 8): Hallmark's Litigation Conduct In This Action is Relevant and Admissible

Hallmark's conduct in this action is relevant to Oxnard's bad faith claim, as its duty of good faith and fair dealing continue after litigation commences. *White v. Western Title Ins.* Co., 40 Cal.3d 870, 886 (Cal. 1985) ("*White*"); *Taback v. Allstate Insurance Company*, No. C-05-4057 MEJ, at *18 (N.D. Cal. Sep. 14, 2006);11 John K. DiMugnoa & Paul E.B. Glad, *California Insurance Law Handbook* § 143 (2016).

Likewise, Hallmark's contention that such evidence requires expert testimony and may not be put before a jury contradicts California precedent. In *White*, *supra*, the court upheld a jury verdict where the jury had considered the insurer's litigation conduct, noting that "[w]e trust that the jurors will be aware that parties to a lawsuit are adversaries, and will evaluate the insurer's conduct in relation to that setting" *White supra* 40 Cal.3d at 886.

Further, the litigation privilege does not bar admission of these documents. *Block v. Sacramento Clinical Labs, Inc*., 131 Cal.App.3d 386, 389 (Cal. Ct. App. 1982) ("The privileges of Civil Code section 47, unlike evidentiary privileges which function by the exclusion of evidence (see Evid. Code, § 900 et seq.), operate as limitations upon liability.") Oxnard does not found its bad faith cause of action based on these litigation statements, but offers them as evidence of Hallmark's underlying course of conduct of bad faith. This is a permissible evidentiary use of litigation documents. *White, supra*

40 Cal.3d at 888, *Oren Royal Oaks Venture v. Greenberg, Bernard, Weiss & Karma Inc.*, 42 Cal.3d 1157, 1168 (Cal. 1986); *Fidelity National Financial, Inc. v. National Union Fire Insurance Co.*, No. 09-CV-140-GPC-KSC, at *1 (S.D. Cal. Mar. 28, 2014) ("The litigation privilege does not bar evidence concerning aggressive litigation tactics for the purpose of trying to show an insurance company's bad faith conduct.")

6. **MiL 11 (Paragraph 9): Hallmark's Request to Exclude "All Argument, Testimony, Mention, and Evidence Contrary to Applicable Law" is Vague and Overbroad**

By its eleventh MiL, Hallmark seeks to exclude "All Argument, Testimony, Mention, and Evidence Contrary to Applicable Law (Which Is A Fact)". This is both overbroad and vague. The Court disfavors motions in limine seeking to exclude broad categories of evidence. "Standing Order", Section II.B.2 ("Motions in limine should address specific issues (e.g., not "to exclude all hearsay").

Hallmark lists of a litany of supposed statements of law that Oxnard may not violate, some of which are wrong (i.e. that preponderance of the evidence does not apply to *Brandt* fees), and many of which appear irrelevant to the issues still in dispute. The Court should deny this overbroad Motion.

7. **MiL 12: Hallmark Has Offered No Evidence that Oxnard Counsel Violated Any Rule of Professional Conduct by Communicating with Hallmark About the October 2019 Mediation, or That Such Communications Would be Subject to Exclusion If They Had**

Hallmark has presented no evidence that any attorney for Oxnard was aware that Hallmark was represented by counsel in relation to *DeSoto* when it initiated

communication about the October 2019 mediation.  Notably, in Hallmark's correspondence it never directed Oxnard to speak to counsel on this issue.  *See* Wagner Decl., Ex. 2.  Even if this communication did violate professional rules (and it did not), "exclusion is a harsh sanction that should be granted only rarely".  *McIntosh v. Maricopa Community College District*, No. CV-07-0760-PHX-DGC, 2009 WL 364021 at *7-8 (D. Ariz. Feb. 12, 2009) (collecting cases where court admitted evidence obtained in violation of ethical rules).  Like all of the others, this Motion should be denied.

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny MiL 3 in its entirety.

DATED: March 27, 2024                            THE WAGNER FIRM

By: */s/ Avi Wagner*
Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 491-7949
Facsimile:   (310) 694-3967
Email:         avi@thewagnerfirm.com

*Attorneys for Plaintiff Oxnard Manor LP dba Oxnard Manor Health Center*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE 3