Avi Wagner (SBN #226688)
Jennifer N. Hinds (SBN #301804)
THE WAGNER FIRM
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 491-7949
Facsimile:   (310) 694-3967
Email:          avi@thewagnerfirm.com

*Attorneys for Plaintiff Oxnard Manor LP
dba Oxnard Manor Health Center*

WILLIAM C. MORISON (No. 99981)
wcm@morison.law
JOANNE M. WENDELL (No. 191785)
jmw@morison.law
MORISON LAW, LLP
3478 Buskirk Avenue, Suite 342
Walnut Creek, CA  94523
Telephone: (925) 937-9990
Facsimile: (925) 937-3272

Attorneys for Defendant
HALLMARK SPECIALTY
INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Oxnard Manor LP dba Oxnard Manor Health Center, a California Limited Partnership,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>Hallmark Specialty Insurance Company, an Oklahoma Corporation, and DOES 1-100,<br><br>　　　　　　　　Defendant(s). | Case No.: 2:23-cv-01322-SPG-MAR<br>(Removed from Los Angeles County Superior Court, Case No. 23STCV02077)<br><br>Hon. Sherilyn Peace Garnett<br>Magistrate Margo A. Rocconi<br><br>**PLANTIFF OXNARD MANOR LP AND DEFENDANT HALLMARK SPECIALTY INSURANCE COMPANY'S PROPOSED ALTERNATIVE STATEMENTS OF THE CASE**<br><br>Original Complaint Filed: 2/6/23<br>Removal: 2/22/23<br>Trial: 4/30/24 |

1.  **Plaintiff**

This action is about a claim that Plaintiff Oxnard Manor ("Oxnard") made to its insurer, Defendant Hallmark Specialty Insurance Company ("Hallmark"). Oxnard is a skilled nursing facility. In December 2017 Oxnard resident Kathleen DeSoto fell and later died from injuries caused by that fall. In October 2017 Ms. DeSoto's children sued Oxnard ("*DeSoto*" or *DeSoto* Suit"). At the time they filed suit, Oxnard had an insurance policy with Hallmark ("Policy"). As part of that Policy, Hallmark had agreed to provide Oxnard with a defense if it were sued in a lawsuit covered by the Policy. This is called a "duty to defend". After being served with notice of the *DeSoto* Suit in October 2018, Oxnard presented the claim to Hallmark, requesting that it provide Oxnard defense counsel for *DeSoto*.

In February 2019, Hallmark rejected Oxnard's request, and did not provide a defense, even after Oxnard challenged Hallmark's reasons for refusing to do so. Oxnard later settled *DeSoto* for $400,000.

In February 2023, Oxnard filed this lawsuit against Hallmark, alleging claims for breach of contract for its breach of the Policy, and what is called a "bad faith" claim. A bad faith claim is based on a breach of the implied covenant of good faith and fair dealing that every contract has. Although a "bad faith" claim sounds like it is based on a contract, it is not the same as breach of contract, and is a tort claim. An insurer acts in bad faith if it behaves unreasonably after an insured makes a claim.

On December 21, 2023, the Court ruled that Hallmark breached the Policy by refusing to defend *DeSoto*, as it was covered under the Policy's "duty to defend". The breach of contract damages that Oxnard wants to recover were all caused by Hallmark's

breach of this "duty to defend", so the jury does not need to decide whether Hallmark breached any other duties in the Policy.

Because the breach of contract claim has been decided, the only remaining claim is for bad faith breach of the Policy. The jury must decide (1) whether Hallmark acted in bad faith in breaching the Policy's "duty to defend"; and (2) the damages that Oxnard suffered because of Hallmark's bad faith breach. If Hallmark did not have a proper reason for refusing to defend *DeSoto*, or otherwise acted unreasonably in in handling the *DeSoto* claim, this constitutes "bad faith".

Summary of defendant's objection to plaintiff's statement of the case: it is not neutral, it is one-sided and slanted toward plaintiff, it instructs the jury on law.

### 2.     Defendant

This is an action between plaintiff Oxnard Manor LP ("Oxnard"), a skilled nursing facility, and defendant Hallmark Specialty Insurance Company ("Hallmark"), an insurance company, regarding insurance coverage for the death of an Oxnard resident, Ms. Kathleen DeSoto. Ms. DeSoto fell off her bed while being attended by an Oxnard employee. She died the next day.

Oxnard was sued as one of six defendants in litigation referred to as "*DeSoto*". Oxnard alleges in this action that Hallmark had an obligation to provide a defense and to pay all defense fees and costs in *DeSoto*. Oxnard also alleges that Hallmark had an obligation to pay the full settlement in *DeSoto* on behalf of all six *DeSoto* defendants. Oxnard alleges that Hallmark declining coverage was a violation of the implied covenant of good faith and fair dealing.

At the time Hallmark declined coverage, Hallmark sent Oxnard a detailed letter that provided its reasons why Hallmark did not believe that there was coverage under the Hallmark policy. Hallmark alleges in this action that to the extent Hallmark may owe anything to Oxnard, it does not owe Oxnard any defense fees and expenses attributable solely to the other five *DeSoto* defendants. Hallmark also alleges that the settlement is not covered under the Hallmark policy and, even if it may be, Hallmark has no obligation to pay the settlement on behalf of the other five *DeSoto* defendants. Finally, Hallmark alleges that its coverage position was at least reasonable, even if ultimately determined to be incorrect, and that it did not act unreasonably in handling the *DeSoto* claim.

**Oxnard Objection**

Hallmark mischaracterizes the nature of the case. As described above, the Court has already found that Hallmark breached its "duty to defend" Oxnard in *DeSoto*. Hallmark thus has already had an opportunity to argue that it was not liable for "duty to defend" damages for any *DeSoto* defendant other than Oxnard. It chose not to make that argument before the Court ruled on the "duty to defend"; it may not make the argument now that the issue has been decided.

Dated:   March 27, 2024            THE WAGNER FIRM
                                   By: */s/ Avi Wagner*
                                   Attorney for Plaintiff Oxnard Manor, LP

Dated: March 27, 2024

MORISON LAW, LLP

By: _/s/ William C. Morison_

William C. Morison

Attorneys for Defendant Hallmark Specialty Insurance Company