# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oxnard Manor LP dba Oxnard Manor Health Center, a California Limited Partnership,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Hallmark Specialty Insurance Company, an Oklahoma Corporation,<br><br>　　　　　　　　Defendant. | Case No. 2:23-cv-01322-SPG (MAR)<br><br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br>Trial Date:  04/30/24<br>Final Pretrial Conference:  04/10/24 |

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

## I. THE PARTIES AND PLEADINGS

### A. Plaintiff

Plaintiff Oxnard Manor's ("Oxnard's") third claim in its First Amended Complaint for breach of the implied covenant of good faith and fair dealing, Docket Entry ("D.E.") 32, is the only claim at issue.

The Court previously granted summary judgment in Oxnard's favor on its breach of contract claim under the 17/18 Policy cause of action, finding that Defendant Hallmark Specialty Insurance Company ("Hallmark") breached its duty to defend Oxnard in *DeSoto*. Oxnard's compensatory damages, including defenses and settlement costs incurred, all arise out of Hallmark's breach of the duty to defend. Accordingly, the Court granted summary judgment under this cause of action. Those damages are comprised of $494,205.63 plus prejudgment interest. Contrary to Hallmark's contention, the duty to indemnify and allocation are not in issue.

### B. Defendant

The parties are plaintiff Oxnard Manor LP dba Oxnard Manor Health Center ("Plaintiff") and defendant Hallmark Specialty Insurance Company ("Defendant"). The operative pleading is Plaintiff's first amended complaint ("FAC") (ECF 32). The first, fourth, and fifth causes of action in Oxnard's FAC were previously dismissed or eliminated by summary judgment. The two remaining causes of action are the second, for breach of contract of the 17/18 policy (causation and damages regarding the duty to defend), and duty, breach, causation, and damages regarding the duty to indemnify/settle), and the third for breach of the implied covenant of good faith and fair dealing (duty, breach, causation, and damages). Not parties herein are the other five defendants in *DeSoto*, who are not insureds but who were jointly defended and jointly released in the *DeSoto* settlement. Plaintiff's recitation above ignores the strictures of Federal Rule of Civil Procedure 56(f)

and the fact that it brought no motion for breach of the duty to indemnify. Instead, plaintiff elects intentionally to misinterpret the Court's Order.

## II. JURISDICTION

It is stipulated that subject matter jurisdiction over this action exists under 28 U.S.C. § 1332, and venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391.

## III. TRIAL DURATION

A. <u>Plaintiff</u>: The trial is estimated to take 5 days.

B. <u>Defendant</u>: The trial is estimated to take 5-7 days.

## IV. JURY TRIAL

A. <u>Plaintiff</u>

The trial is to be a jury trial, with certain issues regarding the amount of *Brandt* fees owed by Hallmark to be decided by the Court.

Pursuant to the Court's Standing Order for Civil Trials, Plaintiff and Defendant shall serve and file "Agreed Upon Set of Jury Instructions and Verdict Forms" as well as the "Joint Statement re Disputed Instructions, Verdicts, etc." by no later than March 27, 2024.

B. <u>Defendant</u>

The trial is by jury on all issues that remain in the case, other than those that are in the province of the Court.

Plaintiff and Defendant shall serve and file "Agreed Upon Set of Jury Instructions and Verdict Forms" as well as the "Joint Statement re Disputed Instructions, Verdicts, etc." by no later than March 27, 2024.

## V. ADMITTED FACTS

<u>None</u>

## VI. STIPULATED FACTS

The parties have no stipulated facts

## VII. PARTIES' CLAIMS AND DEFENSES

**Plaintiff's Claims**[1]:

a. Plaintiff plans to pursue the following claims against Defendant:

(a) Hallmark breached the 17/18 Policy's implied covenant of good faith and fair dealing by unreasonably denying its duty to defend the DeSoto action.

(b) To establish this claim, Oxnard Manor must prove all of the following:

1. That Oxnard was insured under an insurance policy with Hallmark;

2. That a lawsuit was brought against Oxnard;

3. That Oxnard gave Hallmark timely notice that it had been sued;

4. That Hallmark, unreasonably, that is, without proper cause, failed to defend Oxnard against the lawsuit;

5. That Oxnard was harmed; and

6. That Hallmark's conduct was a substantial factor in causing Oxnard's harm.

CACI 2336.

"[A]n insurer's bad faith is ordinarily a question of fact to be determined by a jury by considering the evidence of motive, intent and state of mind" *Dalrymple v. United Services Auto. Assn.* (1995) 40 Cal.App.4th 497, 511.

In order for Oxnard to be entitled to damages on the bad faith cause of action, the jury must determine that, because of Hallmark's bad faith, it was reasonably necessary for

---

[1] The Court previously granted summary judgment on Oxnard's breach of contract claim. Docket Entry ("D.E.") 68. Although Hallmark mischaracterizes the scope of this ruling, Oxnard does not seek damages on the duty to indemnify. Oxnard Memorandum of Contentions of Fact and Law, D.E. 89, p. 1.

Oxnard Manor to employ the services of an attorney to collect the benefits due under the policy. If the jury determines this, then Oxnard Manor entitled to an award for attorney fees incurred to obtain the policy benefits. These fees are referred to as Brandt fees under *Brandt v. Superior Court*, 37 Cal.3d 813 (1985).

In order to recover Brandt fees, Oxnard Manor must prove "(1) the amount to which it was entitled to recover under the policy, (2) that Hallmark withheld payment unreasonably or without proper cause, (3) the amount that Oxnard Manor paid or incurred in legal fees and expenses in establishing the insured's right to contract benefits and (4) the reasonableness of the fees and expenses so incurred." *Jordan v. Allstate Ins. Co.*, 148 Cal. App. 4th 1062, 1079 (2007). These recoverable Brandt fees include only fees attributable to obtaining the insurance benefits, not "those attributable to the bringing of the bad faith action itself." *Brandt*, 37 Cal. 3d at 815.

The key evidence Oxnard intends to rely upon includes documents prepared by Lewis Brisbois in relation to defending *DeSoto*; documents produced by Hallmark from its *DeSoto* claims file; and testimony of expert Barry Zalma.

**Defendant's Defenses:**

Defendant plans to assert the following defenses, as to which it denies it necessarily has the burden of proof.

Plaintiff cannot recover the defense fees and costs and any settlement amount for the other five *DeSoto* defendants. Those defendants are not insureds. In any event, they are not plaintiffs here, and have provided no assignment to Oxnard.

To the extent defendant is found to have any obligation to plaintiff, which defendant denies, the alleged damages (defense and settlement) must be allocated between covered and uncovered, reasonable and unreasonable.

Any coverage that may be otherwise available under the Hallmark 17/18 Policy is excluded by exclusions (4) and (5).

Defendant's coverage decision was at least reasonable based on the language of the policy, existing law, and facts known to Hallmark.

Oxnard admitted under oath in *DeSoto* that it had no insurance policy that may provide coverage for *DeSoto*.

Oxnard was not truthful in its application for the 17/18 policy. Coverage is barred on the ground plaintiff failed to provide true and correct statements in the insurance application. Oxnard had an objectively "reasonable belief" before the inception of the policy, and given the pendency of *Foreman*, that intentional, systemic understaffing and hiring of unqualified personnel may result in harm to "Residents" and an express demand for "Damages".

Plaintiff's claim for recovery of the settlement amount is not covered because *DeSoto* was a "Related Claim" as defined in the Primary Policies, and the claim to which it related was first made prior to the inception date of the Policies. The policy defines "Related Claims" as "two or more Claims arising out of a single act, error or omission that are logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision". *DeSoto* is "related to" *Foreman* because of the single act, the decision by the Managing/Management Defendants intentionally to understaff for the purpose of reaping extra profits at the expense of patients. Therefore, it is not a claim "first made" during any Hallmark policy period.

## VIII. REMAINING TRIABLE ISSUES

### A. Plaintiff

In view of the Court's summary judgment order, admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

(a) liability on Oxnard's bad faith cause of action, which may be established by proving either of the following: (1) Hallmark's denial of coverage for *DeSoto* was unreasonable, and/or the product of pre-judgment; or (2) Hallmark's overall handling of *DeSoto* was unreasonable, and/or the product of pre-judgment.

(b) The amount of damages that Oxnard is entitled to for Hallmark's breach of the implied duty of good faith and fair dealing;

(c) Oxnard's entitlement to punitive damages for Hallmark's breach of the implied duty of good faith and fair dealing.

B.   <u>Defendant</u>

In view of the stipulated facts and the elements required to establish the claims and defenses, the following issues remain to be tried:

(1)   <u>Defense Causation and Damages</u>:

The issues of causation and damages regarding the duty to defend including allocation between covered and uncovered, reasonable and unreasonable. Defendant's obligation is solely to Plaintiff and not to any of the other five non-insured *DeSoto* MANAGING DEFENDANTS;

(2)   <u>Indemnity/Settlement</u>:[2] [3]

Whether there is *actual*, not merely potential, coverage under the Hallmark policy. Plaintiff must prove all requirements for coverage, including that the six *DeSoto*

---

[2] Defendant accepts plaintiff's admission at footnote 1 herein that "Oxnard does not seek damages on the duty to indemnify." Oxnard has formally waived that claim. Plaintiff cites to its Memorandum of Contentions of Fact and Law, ECF 89, p. 1. That memorandum misapprehends California law. The applicable law on this issue is addressed at pages 3-6 of defendant's opposition to plaintiff's motion in limine number 2, which will be filed later today.

[3] Plaintiff asserts at footnote 1 herein that "Hallmark mischaracterizes the scope of" the Court's ruling. It goes without saying that the Court will be the judge of that. Hallmark observes, however, that plaintiff did not bring a motion for summary judgment on the duty

defendants were insureds (settlement was paid for all six), and that in the absence of an applicable exclusion or failure to satisfy a condition, the policy provided coverage. Hallmark must prove exclusion (4) or (5) applied, a condition was not satisfied or that the policy application was inaccurate. If there is actual coverage, plaintiff must also prove a breach of the duty to indemnify/settle a covered claim, causing damage to insureds. While not an affirmative defense, Hallmark may show that the settlement was made for non-insureds, and was unreasonable in amount. The issues of duty, breach, causation, damages, and coverage defenses regarding the duty to indemnify/settle include that defendant's obligation is solely to plaintiff and none of the other five non-insured *DeSoto* MANAGING DEFENDANTS; and

    (3)    <u>Implied Covenant Of Good Faith</u>:

Plaintiff has the burden of proving that Hallmark acted unreasonably and without just cause in denying the *DeSoto* claim, not merely negligently, the result of bad judgment, an honest mistake or sloppiness. Plaintiff also has the burden to establish that such breach caused plaintiff injury by hiring counsel to bring this action for coverage and the amount of those damages. Plaintiff may not seek its fees in this matter for pursuing its coverage claim for the five non-insureds. Plaintiff may not seek its fees in this matter for pursuing its claim for bad faith. Plaintiff has the burden to allocate those fees.

## IX. DISCOVERY

All discovery is complete.

## X. DISCLOSURES AND EXHIBIT LIST

Disclosures under FED. R. CIV. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by

---

to indemnify and the granting of summary judgment on that issue in such case would be governed by FRCP Rule 56(f).

L.R. 16-6.1 ("Joint Exhibit List").

## XI. WITNESS LISTS

Witness lists of the parties were filed with the Court on March 13, 2024.

Only the witnesses identified on either list will be permitted to testify (other than solely for impeachment).

## XII. MOTIONS IN LIMINE

Motions *in Limine* or law and motion matters were filed with the Court on March 27, 2024. The parties have met and conferred on the motions *in limine*. The following motions *in limine*, and no others, are pending or contemplated:

A. <u>Plaintiff:</u>

1 To Exclude Argument or Evidence Re: Shlomo Rechnitz;

2 To Exclude Argument or Evidence Re: the Existence of Coverage for *DeSoto*;

3 To Exclude Argument or Evidence Re: Redacted or Withheld Privileged Materials Evidence a Reasonable Investigation by Hallmark and Its Counsel;

4 To Exclude Terry Kelly Testimony on Hallmark's Handling of *DeSoto*;

5 To Exclude Non-Rebuttal Testimony of Rebuttal Expert Burl Daniel;

And Oxnard's Motion to Bifurcate Punitive Damages.

B. <u>Defendant:</u>

1 To Preclude All Argument, Testimony, Mention, and Evidence by Plaintiff of Defendant's Assertion of the Attorney-Client and Work Product Privileges Along With All Protected Material;

2 To Exclude All Argument, Testimony, Mention, and Evidence by and Regarding Plaintiff's "30(b)(6)" Witness Barry Kaye; and

3 To Exclude All Irrelevant Argument, Testimony, Mention and Evidence (Specified).

**XIII. BIFURCATION**

The parties seek to bifurcate the issue of punitive damages.

**XIV. ADMISSIONS**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

DATED:

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE