# EXHIBIT C

# WENDELL DECLARATION IN SUPPORT OF

# DEFENDANT HALLMARK'S JURY INSTRUCTIONS

# C.D. Cal. 2:23-cv-01322-SPG-MAR

~~COURT'S INSTRUCTION NO. ___~~

~~DEFENDANT SPECIAL INSTRUCTION ON BREACH OF CONTRACT—~~

~~RULES OF POLICY INTERPRETATION 1~~

~~An insurer is entitled to write a policy which limits its coverage, and the limitations in the provisions of the policy must be respected.~~

> **Commented [CM1]:** Irrelevant. The entire instruction should be stricken as no breach of contract claim survives. There are no issues of policy interpretation. Further, policy interpretation is a function of the Court.
>
> **Commented [JW2R1]:** Oxnard impermissibly skips the duty to indemnify, claiming that failure to defend per se requires Hallmark to pay the settlement. Not so. *See Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674, 679 (9th Cir. 1993) ("As to the settlement, there mere fact that Zurich failed to defend does not mean that Zurich is liable for the amount of the settlement…[Insurer] is liable only for the amount of a "reasonable settlement of the claim in good faith…'A reasonable settlement made by the insured to terminate the underlying claim against him may be used as presumptive evidence of the insured's liability on the underlying claim, and the amount of such liability'…This presumption 'may be overcome by proof' that the settlement agreement is unreasonable in amount"). Hallmark is rebutting the presumption that the settlement was covered at all (or for the five non-insured *DeSoto* defendants) and, therefore, reasonable. See *Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1282, 1288 (9th Cir. 1995) (the claim settled in the underlying action is defined by the allegations (and their proportion) in the complaint.
>
> Hallmark is entitled to defend against plaintiff's claim of actual coverage. That issue has not yet been determined. Generally, interpretation of an unambiguous contract, as here, is a question for the Court. This instruction is offered if the Court does not make that interpretation.
>
> **Commented [JW3R1]:** The reasonableness of Hallmark's coverage position is a defense to Oxnard's claim of bad faith. Among other things, policy language is relevant to whether Hallmark's coverage analysis and determination were reasonable.

~~Authority: *Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 429 (9th Cir. 2011); *National Ins. Underwriters v. Carter*, 17 Cal.3d 380, 386 (1976); *Argonaut Ins. Co. v. Transp. Indem. Co.*, 6 Cal.3d 496, 508 (1972).~~

~~COURT'S INSTRUCTION NO. ___~~

~~DEFENDANT SPECIAL INSTRUCTION ON BREACH OF CONTRACT—~~

~~RULES OF POLICY INTERPRETATION 2~~

~~Insurance policy language must be interpreted within the context of the policy as a whole. All policy language must be applied. No policy language may be ignored. Policy interpretation must give effect to every part, with each clause helping to interpret the other. Defined terms must be given their defined meanings.~~

~~Authority: Cal. Civ. Code §1641; *Sony Computer Entertainment Am. Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 532 F.3d 1007, 1012 (9th Cir. 2008); *J & J Realty Holdings, v. Great Am. E & S Ins. Co.*, 420 F.Supp.3d 998, 1007 (C.D. Cal. 2019), affirmed No. 19-56172 (9th Cir. Dec. 11, 2020); *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal.4th 495, 503 (2005).~~

---

**Commented [CM4]:** Irrelevant. The entire instruction should be stricken as no breach of contract claim survives. There are no issues of policy interpretation. Further, policy interpretation is a function of the Court.

**Commented [JW5R4]:** Oxnard impermissibly skips the duty to indemnify, claiming that failure to defend per se requires Hallmark to pay the settlement. Not so. *See Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674, 679 (9th Cir. 1993) ("As to the settlement, there mere fact that Zurich failed to defend does not mean that Zurich is liable for the amount of the settlement…[Insurer] is liable only for the amount of a "reasonable settlement of the claim in good faith… 'A reasonable settlement made by the insured to terminate the underlying claim against him may be used as presumptive evidence of the insured's liability on the underlying claim, and the amount of such liability'…This presumption 'may be overcome by proof' that the settlement agreement is unreasonable in amount"). Hallmark is rebutting the presumption that the settlement was covered at all (or for the five non-insured *DeSoto* defendants) and, therefore, reasonable. See *Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1282, 1288 (9th Cir. 1995) (the claim settled in the underlying action is defined by the allegations (and their proportion) in the complaint.

Hallmark is entitled to defend against plaintiff's claim of actual coverage. That issue has not yet been determined. Generally, interpretation of an unambiguous contract, as here, is a question for the Court. This instruction is offered if the Court does not make that interpretation.

**Commented [JW6R4]:** The reasonableness of Hallmark's coverage position is a defense to Oxnard's claim of bad faith. Among other things, policy language is relevant to whether Hallmark's coverage analysis and determination were reasonable.

COURT'S INSTRUCTION NO. ___

DEFENDANT SPECIAL INSTRUCTION ON BREACH OF CONTRACT – RULES OF POLICY INTERPRETATION 3

The following phrases are interpreted broadly in an insurance policy, including within exclusions from coverage: "arising out of"; "resulting from"; "based on"; and "a", "an", "any".

Authority: *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 894 (9th Cir. 2021); *L.A. Lakers, Inc. v. Federal Ins. Co.*, 869 F.3d 795, 801 (9th Cir. 2017); *Pension Trust Fund v. Federal Ins. Co.*, 307 F.3d 944, 952-53 (9th Cir. 2002); *James River Ins. Co. v. Medolac Labs*, 290 F.Supp.3d 956, 966 (C.D. Cal. 2018); *Century Nat'l Ins. Co. v. Garcia*, 51 Cal.4th 564, 568 (2011); *Mosley v. Pacific Specialty Ins. Co.*, 49 Cal.App.5th 417 (2020); *City of Carlsbad v. Ins. Co. of State of Pa.*, 180 Cal.App.4th 176, 182 (2009), citing to *Davidson v. Dallas*, 8 Cal. 227, 239 (1857); *Davis v. Farmers Ins. Grp.*, 134 Cal.App.4th 100, 106-08 (2005); *Southgate Recreation & Park Dist. v. Cal. Assn. for Park & Recreation Ins.*, 106 Cal.App.4th 293, 301-02 (2003).

---

**Commented [CM7]:** Irrelevant. The entire instruction should be stricken as no breach of contract claim survives. There are no issues of policy interpretation. Further, policy interpretation is a function of the Court.

**Commented [JW8R7]:** Oxnard impermissibly skips the duty to indemnify, claiming that failure to defend per se requires Hallmark to pay the settlement. Not so. *See Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674, 679 (9th Cir. 1993) ("As to the settlement, there mere fact that Zurich failed to defend does not mean that Zurich is liable for the amount of the settlement…[Insurer] is liable only for the amount of a "reasonable settlement of the claim in good faith…'A reasonable settlement made by the insured to terminate the underlying claim against him may be used as presumptive evidence of the insured's liability on the underlying claim, and the amount of such liability'…This presumption 'may be overcome by proof' that the settlement agreement is unreasonable in amount"). Hallmark is rebutting the presumption that the settlement was covered at all (or for the five non-insured *DeSoto* defendants) and, therefore, reasonable. See *Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1282, 1288 (9th Cir. 1995) (the claim settled in the underlying action is defined by the allegations (and their proportion) in the complaint).

Hallmark is entitled to defend against plaintiff's claim of actual coverage. That issue has not yet been determined. Generally, interpretation of an unambiguous contract, as here, is a question for the Court. This instruction is offered if the Court does not make that interpretation.

**Commented [JW9R7]:** The reasonableness of Hallmark's coverage position is a defense to Oxnard's claim of bad faith. Among other things, policy language is relevant to whether Hallmark's coverage analysis and determination were reasonable.

## ~~COURT'S INSTRUCTION NO.~~

## ~~DEFENDANT SPECIAL INSTRUCTION ON BREACH OF CONTRACT—RULES OF CONSTRUCTION 4~~

> **Commented [CM10]:** Irrelevant. The entire instruction should be stricken as no breach of contract claim survives. There are no issues of policy interpretation.
>
> Further, an attorney can explain what the meaning of the term "alleged" is; it does not require legal instruction.

~~For purposes of this case, "alleged" means what is written in a plaintiff's complaint.~~

> **Commented [JW11R10]:** Oxnard impermissibly skips the duty to indemnify, claiming that failure to defend per se requires Hallmark to pay the settlement. Not so. *See Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674, 679 (9th Cir. 1993) ("As to the settlement, there mere fact that Zurich failed to defend does not mean that Zurich is liable for the amount of the settlement…[Insurer] is liable only for the amount of a "reasonable settlement of the claim in good faith…'A reasonable settlement made by the insured to terminate the underlying claim against him may be used as presumptive evidence of the insured's liability on the underlying claim, and the amount of such liability'…This presumption 'may be overcome by proof' that the settlement agreement is unreasonable in amount"). Hallmark is rebutting the presumption that the settlement was covered at all (or for the five non-insured *DeSoto* defendants) and, therefore, reasonable. See *Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1282, 1288 (9th Cir. 1995) (the claim settled in the underlying action is defined by the allegations (and their proportion) in the complaint.
>
> Hallmark is entitled to defend against plaintiff's claim of actual coverage. That issue has not yet been determined. Generally, interpretation of an unambiguous contract, as here, is a question for the Court. This instruction is offered if the Court does not make that interpretation.

~~Authority: Cal. Civ. Code §1641; *Sony Computer Entertainment Am. Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 532 F.3d 1007, 1012 (9th Cir. 2008); *J & J Realty Holdings, v. Great Am. E & S Ins. Co.*, 420 F.Supp.3d 998, 1007 (C.D. Cal. 2019), *affirmed* No. 19-56172 (9th Cir. Dec. 11, 2020); *KM Strategic Mgmt., LLC v. Am. Cas. Co. of Reading, Pa.*, 156 F.Supp.3d 1154, 1171 (C.D. Cal. 2015); *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal.4th 495, 503 (2005).~~

> **Commented [JW12R10]:** The reasonableness of Hallmark's coverage position is a defense to Oxnard's claim of bad faith. Among other things, policy language is relevant to whether Hallmark's coverage analysis and determination were reasonable.

COURT'S INSTRUCTION NO. ___

DEFENDANT SPECIAL INSTRUCTION ON BREACH OF CONTRACT – RULES OF POLICY INTERPRETATION 5

~~Insurance policies cannot be rewritten for any purpose whatsoever. No court or jury may rewrite any policy, nor may they add to, take away from, or otherwise modify an insurance policy for any reason whatsoever, including any public policy consideration. No words may be ignored or not applied.~~

~~Authority: *Sony Computer Entertainment Am., Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 532 F.3d 1007, 1016 (9th Cir. 2008); *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal.4th 495, 503 (2005); *Certain Underwriters at Lloyd's of London v. Superior Court*, 24 Cal.4th 945, 968 (2001); *Aerojet-General Corp. v. Transport Indem. Co.*, 17 Cal.4th 38, 75-76 (1997).~~

**Commented [CM13]:** Irrelevant. The entire instruction should be stricken as no breach of contract claim survives. There are no issues of policy interpretation. Further, policy interpretation is a function of the Court.

**Commented [JW14R13]:** Oxnard impermissibly skips the duty to indemnify, claiming that failure to defend per se requires Hallmark to pay the settlement. Not so. *See Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674, 679 (9th Cir. 1993) ("As to the settlement, there mere fact that Zurich failed to defend does not mean that Zurich is liable for the amount of the settlement…[Insurer] is liable only for the amount of a "reasonable settlement of the claim in good faith…'A reasonable settlement made by the insured to terminate the underlying claim against him may be used as presumptive evidence of the insured's liability on the underlying claim, and the amount of such liability'…This presumption 'may be overcome by proof' that the settlement agreement is unreasonable in amount"). Hallmark is rebutting the presumption that the settlement was covered at all (or for the five non-insured *DeSoto* defendants) and, therefore, reasonable. *See Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1282, 1288 (9th Cir. 1995) (the claim settled in the underlying action is defined by the allegations (and their proportion) in the complaint.

Hallmark is entitled to defend against plaintiff's claim of actual coverage. That issue has not yet been determined. Generally, interpretation of an unambiguous contract, as here, is a question for the Court. This instruction is offered if the Court does not make that interpretation.

**Commented [JW15R13]:** The reasonableness of Hallmark's coverage position is a defense to Oxnard's claim of bad faith. Among other things, policy language is relevant to whether Hallmark's coverage analysis and determination were reasonable.

COURT'S INSTRUCTION NO. ___

DEFENDANT SPECIAL INSTRUCTION ON BREACH OF CONTRACT—RULES OF POLICY INTERPRETATION 6

Defendant's policy is clear and unambiguous. Therefore, any "reasonable expectation of the insured" regarding coverage is irrelevant to interpreting the insurance policy and cannot be considered by you.

Authority: *Elwood v. Aid Ins. Co.*, 880 F.2d 204, 209 (9th Cir. 1989).

---

**Commented [CM16]:** Irrelevant. The entire instruction should be stricken as no breach of contract claim survives. There are no issues of policy interpretation. Further, policy interpretation is a function of the Court.

*Elwood v. Aid Ins. Co.*, 880 F.2d 204, 209 (9th Cir. 1989) addresses whether a contract clause is ambiguous; all breach of contract claims have been resolved.

**Commented [JW17R16]:** Oxnard impermissibly skips the duty to indemnify, claiming that failure to defend per se requires Hallmark to pay the settlement. Not so. *See Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674, 679 (9th Cir. 1993) ("As to the settlement, the mere fact that Zurich failed to defend does not mean that Zurich is liable for the amount of the settlement…[Insurer] is liable only for the amount of a "reasonable settlement of the claim in good faith… 'A reasonable settlement made by the insured to terminate the underlying claim against him may be used as presumptive evidence of the insured's liability on the underlying claim, and the amount of such liability'…This presumption 'may be overcome by proof' that the settlement agreement is unreasonable in amount"). Hallmark is rebutting the presumption that the settlement was covered at all (or for the five non-insured *DeSoto* defendants) and, therefore, reasonable. *See Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1282, 1288 (9th Cir. 1995) (the claim settled in the underlying action is defined by the allegations (and their proportion) in the complaint.

Hallmark is entitled to defend against plaintiff's claim of actual coverage. That issue has not yet been determined. Generally, interpretation of an unambiguous contract, as here, is a question for the Court. This instruction is offered if the Court does not make that interpretation.

**Commented [JW18R16]:** The reasonableness of Hallmark's coverage position is a defense to Oxnard's claim of bad faith. Among other things, policy language is relevant to whether Hallmark's coverage analysis and determination were reasonable.

~~COURT'S INSRUCTION NO. __~~

~~DEFENDANT SPECIAL INSTRUCTION ON BREACH OF CONTRACT –~~

~~DEFINITION OF "CLAIM"~~

~~The policy defines a covered "Claim" as "an express demand for Damages resulting from a Medical Incident…covered by this Policy. An express demand for Damages shall include:…a civil action in which Damages to which this insurance applies are alleged…."~~

~~ECF 62-5 # 1912:7-15; OM admission to Hallmark RFA 1.~~

~~Authority: Cal. Civ. Code §1641;~~ *~~Sony Computer Entertainment Am. Inc. v. Am. Int'l Specialty Lines Ins. Co.,~~* ~~532 F.3d 1007, 1012 (9th Cir. 2008);~~ *~~J & J Realty Holdings, v. Great Am. E & S Ins. Co.,~~* ~~420 F.Supp.3d 998, 1007 (C.D. Cal. 2019), affirmed No. 19-56172 (9th Cir. Dec. 11, 2020);~~ *~~Boghos v. Certain Underwriters at Lloyd's of London,~~* ~~36 Cal.4th 495, 503 (2005).~~

**Commented [CM19]:** Irrelevant. The entire instruction should be stricken as no breach of contract claim survives. There are no issues of policy interpretation.

Further, the Policy's definition of "Claim" can be entered into evidence; it does not require a jury instruction.

None of the authorities cited identify how the 17/18 Policy defines "Claim".

**Commented [JW20R19]:** Oxnard impermissibly skips the duty to indemnify, claiming that failure to defend per se requires Hallmark to pay the settlement. Not so. *See Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674, 679 (9th Cir. 1993) ("As to the settlement, there mere fact that Zurich failed to defend does not mean that Zurich is liable for the amount of the settlement…[Insurer] is liable only for the amount of a "reasonable settlement of the claim in good faith…'A reasonable settlement made by the insured to terminate the underlying claim against him may be used as presumptive evidence of the insured's liability on the underlying claim, and the amount of such liability'…This presumption 'may be overcome by proof' that the settlement agreement is unreasonable in amount"). Hallmark is rebutting the presumption that the settlement was covered at all (or for the five non-insured *DeSoto* defendants) and, therefore, reasonable. See *Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1282, 1288 (9th Cir. 1995) (the claim settled in the underlying action is defined by the allegations (and their proportion) in the complaint.

Hallmark is entitled to defend against plaintiff's claim of actual coverage. That issue has not yet been determined. Generally, interpretation of an unambiguous contract, as here, is a question for the Court. This instruction is offered if the Court does not make that interpretation.

**Commented [JW21R19]:** The reasonableness of Hallmark's coverage position is a defense to Oxnard's claim of bad faith. Among other things, policy language is relevant to whether Hallmark's coverage analysis and determination were reasonable.

~~COURT'S INSTRUCTION NO. ___~~

~~DEFENDANT SPECIAL INSTRUCTION ON BREACH OF CONTRACT—~~

~~POLICY LANGUAGE THAT MUST BE APPLIED TO INTERPRET "RELATED CLAIMS"~~

> **Commented [CM22]:** Irrelevant. The entire instruction should be stricken as no breach of contract claim survives. There are no issues of policy interpretation.
>
> Further, the Policy's definition of "Related Claims" can be entered into evidence; it does not require a jury instruction.

~~The policy defines "Related Claims" as "two or more Claims arising out of a single act, error or omission that are logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision."~~

~~**Related Claims Deemed Single Claim:**~~

~~All **Related Claims**, whenever made, shall be deemed to be a single **Claim**, regardless of:~~

~~(1) the number of **Related Claims**;~~

~~(2) the number of or identity of claimants;~~

~~(3) the number or identity of **Insureds** involved or against whom **Related Claims** have been or could be made;~~

~~(4) whether the **Related Claims** are asserted in a class action or otherwise; or~~

~~(5) the number and timing of the **Related Claims**, even if the **Related Claims** comprising such single **Claim** were made in more than one **Policy Period**.~~

> **Commented [JW23R22]:** Oxnard impermissibly skips the duty to indemnify, claiming that failure to defend per se requires Hallmark to pay the settlement. Not so. *See Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674, 679 (9th Cir. 1993) ("As to the settlement, there mere fact that Zurich failed to defend does not mean that Zurich is liable for the amount of the settlement…[Insurer] is liable only for the amount of a "reasonable settlement of the claim in good faith…'A reasonable settlement made by the insured to terminate the underlying claim against him may be used as presumptive evidence of the insured's liability on the underlying claim, and the amount of such liability'…This presumption 'may be overcome by proof' that the settlement agreement is unreasonable in amount"). Hallmark is rebutting the presumption that the settlement was covered at all (or for the five non-insured *DeSoto* defendants) and, therefore, reasonable. *See Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1282, 1288 (9th Cir. 1995) (the claim settled in the underlying action is defined by the allegations (and their proportion) in the complaint.
>
> Hallmark is entitled to defend against plaintiff's claim of actual coverage. That issue has not yet been determined. Generally, interpretation of an unambiguous contract, as here, is a question for the Court. This instruction is offered if the Court does not make that interpretation.

~~All **Related Claims** will be treated as a single **Claim** made when the earliest of such **Related Claims** was first made, or when the earliest of such **Related Claims** is treated as having been made in accordance with Section VII. CONDITIONS, P (2), whichever is earlier.~~

> **Commented [JW24R22]:** The reasonableness of Hallmark's coverage position is a defense to Oxnard's claim of bad faith. Among other things, policy language is relevant to whether Hallmark's coverage analysis and determination were reasonable.

~~*See, e.g.*, ECF 62-5 # 1912:7-15; OM admission to Hallmark RFA 1; ECF 62-1 ## 1636:7-1649:25.~~

~~Authority: Cal. Civ. Code §1641; *Sony Computer Entertainment Am. Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 532 F.3d 1007, 1012 (9th Cir. 2008); *J & J Realty Holdings, v. Great Am. E & S Ins. Co.*, 420 F.Supp.3d 998, 1007 (C.D. Cal. 2019), affirmed No. 19-56172 (9th Cir. Dec. 11, 2020); *Boghos v. Certain Underwriters at Lloyd's of London*, 36 Cal.4th 495, 503 (2005).~~

~~COURT'S INSTRUCTION NO. ___~~

~~**AFFIRMATIVE DEFENSE—INSURANCE POLICY EXCLUSION (4)**~~

~~Defendant claims that plaintiff's liability in *DeSoto* is not covered because it is specifically excluded in the policy. Exclusion (4) provides:~~

~~The coverage provided by this Policy shall not apply to any **Claim** under Insuring Agreements A…that is or is alleged to be based upon, arising out of, directly or indirectly resulting from , or in consequence of:~~

~~(4) **Bodily Injury**…or any other type of harm, damage or loss… arising from the performance by an Insured of any intentional or willful act, other than those acts made in good faith in the furnishing of Healthcare Services;….~~

~~ECF 62-5 # 1912:7-15, OM admission to Hallmark RFA 1~~

~~Authority: Cal. Civ. Code §1641; CACI 2303; *24th & Hoffman Investors v. Northfield Ins. Co.*, 82 Cal.App.5th 825, 839-40 (2022).~~

---

**Commented [CM25]:** Irrelevant. The entire instruction should be stricken as no breach of contract claim survives. Policy exclusions are not an affirmative defense to a bad faith cause of action.

Cal. Civ. Code §1641 construes a contract, which is not at issue here.

*24th & Hoffman Investors v. Northfield Ins. Co.*, 82 Cal.App.5th 825, 839-40 (2022) discusses the duty to defend, which the Court explicitly already adjudicated in Oxnard's favor.

CACI 2303 is a jury instruction on Insurance Policy Exclusions as an affirmative defense. Hallmark offers no authority that an insurance policy exclusion is an affirmative defense to a bad faith cause of action.

**Commented [JW26R25]:** Oxnard impermissibly skips the duty to indemnify, claiming that failure to defend per se requires Hallmark to pay the settlement. Not so. *See Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674, 679 (9th Cir. 1993) ("As to the settlement, there mere fact that Zurich failed to defend does not mean that Zurich is liable for the amount of the settlement…[Insurer] is liable only for the amount of a "reasonable settlement of the claim in good faith…'A reasonable settlement made by the insured to terminate the underlying claim against him may be used as presumptive evidence of the insured's liability on the underlying claim, and the amount of such liability'…This presumption 'may be overcome by proof' that the settlement agreement is unreasonable in amount"). Hallmark is rebutting the presumption that the settlement was covered at all (or for the five non-insured *DeSoto* defendants) and, therefore, reasonable. *See Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1282, 1288 (9th Cir. 1995) (the claim settled in the underlying action is defined by the allegations (and their proportion) in the complaint.

Hallmark is entitled to defend against plaintiff's claim of actual coverage. That issue has not yet been determined. Generally, interpretation of an unambiguous contract, as here, is a question for the Court. This instruction is offered if the Court does not make that interpretation.

Not an affirmative defense is contrary to prior activity in this case.

**Commented [JW27R25]:** The reasonableness of Hallmark's coverage position is a defense to Oxnard's claim of bad faith. Among other things, policy language is relevant to whether Hallmark's coverage analysis and determination were reasonable.

### COURT'S INSTRUCTION NO. ___

### AFFIRMATIVE DEFENSE—INSURANCE POLICY EXCLUSION (5)

~~Defendant claims that plaintiff's liability in *DeSoto* is not covered because it is specifically excluded in the policy. Exclusion (5) provides:~~

~~The coverage provided by this Policy shall not apply to any **Claim** under Insuring Agreements A…that is or is alleged to be based upon, arising out of, directly or indirectly resulting from , or in consequence of:~~

~~(5) any willful…act, error or omission by an **Insured**; any willful violation of law, statute, rule or regulation by an **Insured**; or the gaining of any profit, remuneration or advantage by an **Insured** to which such insured was not legally entitled; including but not limited to healthcare fraud; ….~~

~~ECF 62-5 # 1912:7-15; OM admission to Hallmark RFA 1.~~

~~Authority: Cal. Civ. Code §1641; CACI 2303; *24th & Hoffman Investors v. Northfield Ins. Co.*, 82 Cal.App.5th 825, 839-40 (2022).~~

---

**Commented [CM28]:** Irrelevant. The entire instruction should be stricken as no breach of contract claim survives. Policy exclusions are not an affirmative defense to a bad faith cause of action.

Cal. Civ. Code §1641 construes a contract, which is not at issue here.

*24th & Hoffman Investors v. Northfield Ins. Co.*, 82 Cal.App.5th 825, 839-40 (2022) discusses the duty to defend, which the Court explicitly already adjudicated in Oxnard's favor.

CACI 2303 is a jury instruction on Insurance Policy Exclusions as an affirmative defense. Hallmark offers no authority that an insurance policy exclusion is an affirmative defense to a bad faith cause of action.

**Commented [JW29R28]:** Oxnard impermissibly skips the duty to indemnify, claiming that failure to defend per se requires Hallmark to pay the settlement. Not so. *See Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674, 679 (9th Cir. 1993) ("As to the settlement, there mere fact that Zurich failed to defend does not mean that Zurich is liable for the amount of the settlement…[Insurer] is liable only for the amount of a "reasonable settlement of the claim in good faith…'A reasonable settlement made by the insured to terminate the underlying claim against him may be used as presumptive evidence of the insured's liability on the underlying claim, and the amount of such liability'…This presumption 'may be overcome by proof' that the settlement agreement is unreasonable in amount"). Hallmark is rebutting the presumption that the settlement was covered at all (or for the five non-insured *DeSoto* defendants) and, therefore, reasonable. *See Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1282, 1288 (9th Cir. 1995) (the claim settled in the underlying action is defined by the allegations (and their proportion) in the complaint.

Hallmark is entitled to defend against plaintiff's claim of actual coverage. That issue has not yet been determined. Generally, interpretation of an unambiguous contract, as here, is a question for the Court. This instruction is offered if the Court does not make that interpretation.

Not an affirmative defense is contrary to prior activity in this case.

**Commented [JW30R28]:** The reasonableness of Hallmark's coverage position is a defense to Oxnard's claim of bad faith. Among other things, policy language is relevant to whether Hallmark's coverage analysis and determination were reasonable.

# COURT'S INSTRUCTION NO. ___

## DEFENDANT SPECIAL INSTRUCTION ON DUTY TO INDEMNIFY

The duty to indemnify does not arise until the insured's underlying liability is established and damages are fixed in some amount. A duty to defend does not mean the insurer had a duty to indemnify the insured.

An insurer has no obligation to pay any sum to indemnify any party in the underlying action (*DeSoto*) unless (1) the defendant is an "Insured"; (2) the defendant is liable for acts or omissions in his or her capacity as an "Insured"; (3) liability against that "Insured" is reasonably clear; (4) the policy provides coverage for liability against that "Insured"; and (5) there is a contractual obligation to indemnify the party, i.e., the "Insured's" liability is within an insuring grant and is not subject to policy exclusions, conditions or other limitations to coverage.

An insurer has no obligation to pay a settlement demand (6) that is unreasonable (a "reasonable" settlement demand includes only covered damages); (7) that includes punitive damages; (8) in settlement of the underlying plaintiff's (DeSoto's) attorneys' fees; (9) to the extent that it includes settlement for parties that are not "Insureds" under the policy; and (10) to the extent the settlement included parties that are not plaintiffs in this breach of contract action to recover the settlement amount.

Authority: *County of San Diego v. Ace Prop. & Cas. Ins. Co.*, 37 Cal.4th 406, 417 (2005); *Certain Underwriters at Lloyd's of London v. Superior Court*, 24 Cal.4th 945, 958 (2001); *Pinto v. Farmers Ins. Exch.*, 61 Cal.App.5th 676, 687-688 (2021); *Regional Steel Corp. v. Liberty Surplus Ins. Corp.*, 226 Cal.App.4th 1377, 1389 (2014); *DeWitt v. Monterey Ins. Co.*, 204 Cal.App.4th 233, 244 (2012).

---

**Commented [CM31]:** The entire instruction should be stricken as no breach of contract claim survives. The duty to indemnify is not at issue. Moreover, *DeSoto* had a settlement; no liability was established. This further misstates the "larger settlement" rule.

Hallmark's authorities are inapposite.

In *County of San Diego v. Ace Property & Casualty Ins. Co.*, 37 Cal.4th 406, 416 (Cal. 2005) the policy contained no duty to defend.

In *Certain Underwriters at Lloyd's v. Superior Court*, 24 Cal.4th 945, 954 (Cal. 2001) damages were sought under the duty to indemnify in an administrative action. Did not involve a claim of damages pursuant to the duty to defend, but the duty to indemnify in an administrative action.

*Pinto v. Farmers Ins. Exch.*, 61 Cal.App.5th 676, 687-688 (2021) states only that an insurer's failure to accept a reasonable settlement offer does not *per se* constitute bad faith.

*Regional Steel Corp. v. Liberty Surplus Ins. Corp.*, 226 Cal.App.4th 1377, 1389 (2014) discusses the duty to defend, which the Court already adjudicated in Oxnard's favor.

*DeWitt v. Monterey Ins. Co.*, 204 Cal.App.4th 233, 252 (Cal. Ct. App. 2012) challenged a trial court's refusal to issue a jury instruction on the breach of duty to settle a prior action because the duty to indemnify had not been adjudicated in that action.

**Commented [JW32R31]:** Oxnard impermissibly skips the duty to indemnify, claiming that failure to defend per se requires Hallmark to pay the settlement. Not so. *See Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674, 679 (9th Cir. 1993) ("As to the settlement, there mere fact that Zurich failed to defend does not mean that Zurich is liable for the amount of the settlement…[Insurer] is liable only for the amount of a "reasonable settlement of the claim in good faith…'A reasonable settlement made by the insured to terminate the underlying claim against him may be used as presumptive evidence of the insured's liability on the underlying claim, and the amount of such liability'…This presumption 'may be overcome by proof' that the settlement agreement is unreasonable in amount"). Hallmark is rebutting the presumption that the settlement was covered at all (or for the five non-insured *DeSoto* defendants) and, therefore, reasonable. See *Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1282, 1288 (9th Cir. 1995) (the claim settled in the underlying action is defined by the allegations (and their proportion) in the complaint.

Hallmark is entitled to defend against plaintiff's claim of actual coverage. That issue has not yet been determined. Generally, interpretation of an unambiguo... [1]

**Commented [JW33R31]:** The reasonableness of Hallmark's coverage position is a defense to Oxnard's claim of bad faith. Among other things, policy language is relevant to whether Hallmark's coverage analysis and determination were reasonable.

## COURT'S INSTRUCTION NO. __
## DEFENDANT SPECIAL INSTRUCTION ON DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Punitive Damages**~~Implied Covenant of Good Faith and Fair Dealing~~: ~~P~~Plaintiff must prove a right to punitive damages by clear and convincing evidence. ~~laintiff has the burden of proving damages for breach of the implied covenant of good faith and fair dealing~~

**Contract and Tort Damages (excluding punitive damages): Plaintiff must prove contract and tort damages by a** ~~"clear and convincing evidencea~~ **preponderance of the evidence".** If you find for the plaintiff on plaintiff's claim alleging that defendant breached the insurance policy's implied covenant of good faith and fair dealing ~~regarding the duty to defend or duty to indemnify~~, you will then determine whether the ~~acts that constitute that~~ breach was the cause of any damage to plaintiff. If so, plaintiff may recover damages caused by ~~those acts you found to constitute~~the breach of the covenant of good faith and fair dealing, unless you determine that some or all of plaintiff's payments are for damages that are not covered or are excluded by defendant's policy or which you find that defendant did not cause. ~~by clear and convincing evidence, unless you determine that some or all of plaintiff's payments are for damages that are not covered or are excluded by defendant's policy or which you find that defendant did not cause.~~

~~**Duty To Indemnify / Breach of Contract:** Plaintiff has the burden of proving damages for breach of contract by a "preponderance of the evidence". If you find for the plaintiff on plaintiff's claim for breach of the duty to indemnify, you must determine if defendant's breach caused damages to the plaintiff. If so, you will determine plaintiff's damages for that separate breach of duty. For breach of the duty to indemnify, plaintiff is entitled to recover that portion of its settlement payment that was made for plaintiff's liability in the underlying action, unless you determine that some or all of plaintiff's settlement payment is for damages that are not covered or are excluded by defendant's policy or which you find that defendant did not cause.~~

---

**Commented [CM34]:** The entire instruction is redundant given that CACI provides an instruction on this. But if included, it should be revised as provided.

Plaintiff must prove the existence and amount of bad faith damages by a "preponderance of the evidence."

None of Hallmark's authorities support the offered language.

*Brandt v. Superior Court*, 37 Cal.3d 813, 817 (Cal. 1985) describes the economic damages, attorneys' fees, available for the breach of good faith.

Cal. Civ. Code §3294(a) and *Pac. Gas & Elec. Co. v. Superior Court*, 24 Cal.App.5th 1150, 1158-61 describe the standard for punitive damages. Bad faith damages in the form of *Brandt* fees are not punitive damages.

*Cates Construction, Inc. v. Talbot Partners*, 21 Cal.4th 28, 61 (Cal. 1999) holds only that there can be no punitive damages where there is no tort.

*Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal.3d 287, 304-305 (Cal. 1988) states only that "[p]unitive damages may be available in actions not arising from contract, where fraud, oppression or malice is proved". It is silent on the standard for proving *Brandt* fees.

**Commented [JW35R34]:** See the revisions.

**Commented [CM36]:** The entire instruction should be stricken, as breach of contract damages are not at issue. Plaintiff is not pursuing a breach of the duty to indemnify, so no instruction is necessary.

Oxnard's breach of contract damages flow from Hallmark's breach of the duty to defend, not the duty to settle.

Hallmark has offered no authority holding otherwise.

CACI 2334 is Bad Faith (Third Party) - Refusal to Accept Reasonable Settlement Demand Within Liability Policy Limits - Essential Factual Elements. "This instruction is for use in an "excess judgment" case; that is, one in which judgment was against the insured for an amount over t[...] [2]

**Commented [JW37R36]:** Oxnard impermissibly skips the duty to indemnify, claiming that failure to defend per se requires Hallmark to pay the settlement. Not so. *See Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674, 679 (9th Cir. 1993) ("As to the settlement, there mere fact that Zurich failed to defend does not mean that Zurich is liable for the amount of the settlement…[Insurer] is liable only for the amount of a "reasonable settlement of the claim in good faith… 'A reasonable settlement made by the insured to terminate the underlying claim against him may be used as presumptive evidence of the insured's liability on the [...] [3]

**Commented [JW38R36]:** The reasonableness of Hallmark's coverage position is a defense to Oxnard's claim of bad faith. Among other things, policy language is relevant to whether Hallmark's coverage analysis and determination were reasonable.

Authority: Cal. Civ. Code §3294(a); CACI 2334; *Kransco v. Am. Empire Surplus Lines Ins. Co.*, 23 Cal.4th 390, 400-01 (2000); *Cates Constr., Inc. v. Talbot Partners*, 21 Cal.4th 28, 61 (1999); *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal.3d 287, 304-305 (1988); *Brandt v. Superior Court*, 37 Cal.3d 813, 817 (1985); *Crisci v. Security Ins. Co. of New Haven, Conn.*, 66 Cal.2d 425, 430 (1967); *Pinto v. Farmers Ins. Exch.*, 61 Cal.App.5th 676, 687-688 (2021); *Pac. Gas & Elec. Co. v. Superior Court*, 24 Cal.App.5th 1150, 1158-61, 1170 (2018); *Graciano v. Mercury Gen. Corp.*, 231 Cal.App.4th 414, 425 (2014); *Archdale v. Am. Int'l Specialty Lines Ins. Co.*, 154 Cal.App.4th 449, 464-65 (2007).

## COURT'S INSTRUCTION NO. __

## DEFENDANT SPECIAL INSTRUCTION ON BREACH OF CONTRACT – ALLOCATION BETWEEN INSURED AND NON-INSURED DEFENDANTS IN THE UNDERLYING ACTION (*DESOTO*)

Of the six defendants in the underlying action (*DeSoto*), only Oxnard Manor LP ("Oxnard") was an "Insured". Five of the six defendants in the underlying action were not "Insureds" under defendant Hallmark Specialty Insurance Company's insurance policy.

Hallmark had no contractual obligation to provide a defense to, or to indemnify, the other five defendants in the underlying action (the "five non-insured defendants").

### Defense Fees and Costs

Hallmark is liable only for those defense fees and costs allocable to Oxnard.

Hallmark is not liable for those defense fees and costs allocable solely to one or more of the five non-insured defendants.

### Indemnity

"Joint and several" liability applies to economic ("special") damages which include medical costs and burial costs in an action for personal injury or wrongful death. This means that Oxnard could alone be liable in the underlying action (*DeSoto*) for medical costs (subject to reduction for payments by a collateral source (e.g., Medicare)) and burial costs.

Joint and several liability, however, does not apply to non-economic or general damages such as emotional distress. Oxnard may not be liable for all non-economic damages in the underlying action because plaintiff was one of six defendants, all of which were released in the underlying settlement agreement.

The maximum amount that the underlying plaintiff (DeSoto) could recover against Oxnard (a healthcare provider) for non-economic/general/emotional distress damages is $250,000.

ECF 62-1 ## 1624-1625 (JAF 11; JAE 10); 62-1 # 1629 (JAF 16, JAE 15).

---

**Commented [CM39]:** This entire instruction is moot, as this issue has already been decided. Hallmark did not join these defendants prior to seeking summary judgment, so there is no basis for apportionment. Hallmark did not argue for apportionment in its motion for summary judgment or in its motion for reconsideration.

Further, this analysis ignores attorney's fees, economic damages, and Health and Safety Code section 1430 penalties.

None of Hallmark's authorities support the offered language. If the Court believes any instruction is warranted here, the language must be re-drafted wholesale.

Cal. Civ. Code § 1431.2 applies to damages awarded in in a personal injury case. Neither Oxnard's attorney fees nor the settlement were damages in *DeSoto*. The instant action is not an action for personal injury.

Cal. Civ. Code § 3333.1 addresses what evidence a defendant may present in an action against a healthcare provider. This is inapposite.

Hallmark provides no pincite for Safeway Stores, Inc. v. National Union, 64 F.3d 1282 (9th Cir. 1995), but this case applied the larger settlement rule articulated in *Nordstrom, Inc. v. Chubb Son, Inc.*, 54 F.3d 1424 (9th Cir. 1995), amended, No. 93-35495, slip op. 9325 (9th Cir. Aug. 1, 1995) to *reverse* an allocation of liability to Safeway u[...] [4]

**Commented [JW40R39]:** Oxnard impermissibly skips the duty to indemnify, claiming that failure to defend per se requires Hallmark to pay the settlement. Not so. *See Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674, 679 (9th Cir. 1993) ("As to the settlement, there mere fact that Zurich failed to defend does not mean that Zurich is liable for the amount of the settlement…[Insurer] is liable only for the amount of a "reasonable settlement of the claim in good faith…'A reasonable settlement made by the insured to terminate the underlying claim against him may be used as presumptive evidence of the insured's liability on the underlying claim, and the amount of such liability'…This presumption 'may be overcome by proof' that the settlement agreement is unreasonable in amount"). Hallmark is rebutting the presumption that the settlement was covered at all (or for the five non-insured *DeSoto* defendants) and, therefore, reasonable. See *Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1282, 1288 (9th Cir. 1995) (the claim settled in the underlying action is defined by the allegations (and their proportion) in the complaint.

Hallmark is entitled to defend against plaintiff's claim of actual coverage. That issue has not yet been determined.

It is relevant to whether Hallmark acted reasonably that Hallmark had no obligation to pay defense fees and costs incurred solely regarding the five non-insured defendants or any settlement that included and released them. Hallmark has raised this defense from the beginning of this case. Hallmark had no obligation to join them prior to [...] [5]

~~Authority: Cal. Civ. Code § 1431.2; Cal. Civ. Code § 3333.1; *Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1282, (1995); *Rashidi v. Moser*, 60 Cal.4th 718, 723, 727 (2014); *DaFonte v. Upright, Inc.*, 2 Cal.4th 593, 596 (1992); *Cochrum v. Costa Victoria Healthcare, LLC*, 25 Cal.App.5th 1034, 1051-52 (2018).~~

## ~~COURT'S INSTRUCTION NO. ___~~

## ~~DEFENDANT SPECIAL INSTRUCTION ON BREACH OF CONTRACT—ALLOCATION BETWEEN INSURED AND NON-INSURED DEFENDANTS IN THE UNDERLYING ACTION (*DESOTO*) (# 2)~~

> **Commented [CM41]:** This entire instruction is moot, as this issue has already been decided. Hallmark did not join these defendants prior to seeking summary judgment, so there is no basis for apportionment. Hallmark did not argue for apportionment in its motion for summary judgment or in its motion for reconsideration.
>
> Further, this analysis ignores attorney's fees, economic damages, and Health and Safety Code section 1430 penalties.
>
> None of Hallmark's authorities support the offered language. If the Court believes any instruction is warranted here, the language must be re-drafted wholesale.
>
> Cal. Civ. Code § 1431.2 applies to damages awarded in in a personal injury case. Neither Oxnard's attorney fees nor the settlement were damages in *DeSoto*. The instant action is not an action for personal injury.
>
> Cal. Civ. Code § 3333.1 addresses what evidence a defendant may present in an action against a healthcare provider. This is inapposite.
>
> Hallmark provides no pincite for Safeway Stores, Inc. v. National Union, 64 F.3d 1282 (9th Cir. 1995), but this case applied the larger settlement rule articulated in *Nordstrom, Inc. v. Chubb Son, Inc.*, 54 F.3d 1424 (9th Cir. 1995), amended, No. 93-35495, slip op. 9325 (9th Cir. Aug. 1, 1995) to *reverse* an allocation of liability to Safeway u... [6]

~~Five of the six defendants in the underlying action (*DeSoto*) are not plaintiffs in this coverage action. Plaintiff in this coverage action Oxnard Manor LP ("plaintiff") has no right to recover any defense fees and costs or indemnity under Hallmark's insurance policy applicable to the five defendants in *DeSoto* who are not plaintiffs in this action.~~

### ~~Defense Fees and Costs~~

~~Plaintiff cannot recover any defense fees and costs solely allocable to one or more of the five non-insured defendants in *DeSoto*.~~

### ~~Indemnity~~

~~Joint and several liability does not apply to non-economic or general damages such as emotional distress. Oxnard may not be liable for all non-economic damages in the underlying action because plaintiff was one of six defendants, all of which were released in the underlying settlement agreement.~~

~~Oxnard may not be liable for all non-economic damages in the underlying action because plaintiff was one of six defendants, all of which were released in the underlying settlement agreement.~~

~~The maximum amount recoverable from plaintiff, a healthcare provider, in the underlying action (*DeSoto*) for non-economic/general/emotional distress damages is $250,000.~~

> **Commented [JW42R41]:** Oxnard impermissibly skips the duty to indemnify, claiming that failure to defend per se requires Hallmark to pay the settlement. Not so. *See Zurich Ins. Co. v. Killer Music, Inc.*, 998 F.2d 674, 679 (9th Cir. 1993) ("As to the settlement, there mere fact that Zurich failed to defend does not mean that Zurich is liable for the amount of the settlement…[Insurer] is liable only for the amount of a "reasonable settlement of the claim in good faith…'A reasonable settlement made by the insured to terminate the underlying claim against him may be used as presumptive evidence of the insured's liability on the underlying claim, and the amount of such liability'…This presumption 'may be overcome by proof' that the settlement agreement is unreasonable in amount"). Hallmark is rebutting the presumption that the settlement was covered at all (or for the five non-insured *DeSoto* defendants) and, therefore, reasonable. *See Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1282, 1288 (9th Cir. 1995) (the claim settled in the underlying action is defined by the allegations (and their proportion) in the complaint).
>
> Hallmark is entitled to defend against plaintiff's claim of actual coverage. That issue has not yet been determined.
>
> It is relevant to whether Hallmark acted reasonably that Hallmark had no obligation to pay defense fees and costs incurred solely regarding the five non-insured defendants or any settlement that included and released them. Hallmark has raised this defense from the beginning of this case. Hallmark had no obligation to join them prior to ... [7]

~~ECF 62-1 ## 1624-1625 (JAF 11; JAE 10); 62-1 # 1629 (JAF 16, JAE 15).~~

~~Authority: Cal. Civ. Code § 1431.2; Cal. Civ. Code § 3333.1; *Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1282, (1995); *Rashidi v. Moser*, 60 Cal.4th 718, 723, 727 (2014); *DaFonte v. Upright, Inc.*, 2 Cal.4th 593, 596 (1992); *Cochrum v. Costa Victoria Healthcare, LLC*, 25 Cal.App.5th 1034, 1051-52 (2018).~~